**FEDERAL DEPOSIT INSURANCE CORPORATION, Receiver of Brownfield State Bank & Trust Company, Plaintiff,**

v.

**PATTON COTTON COMPANY, Defendant.**

**Civ. A. No. 5–84–136.**

United States District Court, N.D. Texas, Lubbock Division.

Sept. 19, 1984.

Harold H. Pigg, Brock, Morton & Pigg, Lubbock, Tex., for plaintiff.

J.R. Blumrosen, Blumrosen & McDonald, Lubbock, Tex., for defendant.

## ORDER

WOODWARD, Chief Judge.

On September 17, 1984, this court considered the defendant's Request for Remand to State Court in the above-styled case. After considering the defendant's Request and accompanying brief as well as the plaintiff's Brief in Opposition to Motion to Remand, this court denies the defendant's Request.

The Federal Deposit Insurance Corporation (FDIC) pursues this state law claim in its corporate capacity pursuant to a Pur-chase and Assumption Agreement between the Brownfield State Bank & Trust Company and the FDIC, as receiver of the bank. Under the terms of the agreement, the FDIC in its corporate capacity purchased this cause of action from itself, in its capacity as receiver of the failed Brownfield State Bank & Trust Company. As the court stated in *FDIC v. Sumner Financial Corp.*, 602 F.2d 670, 679 (5th Cir.1979), federal jurisdiction is proper under 12 U.S.C. § 1819 (Fourth) (1976) in such a case since the "... FDIC is acting in its corporate capacity as federal insurer of state bank deposits."

This court also concludes that the plaintiff's petition for removal was timely filed. In *FDIC v. Crowe*, 652 F.Supp. 740 (1984, N.D. Texas), this court noted that a state law claim transferred from the FDIC in its capacity as receiver of a state bank to itself in its corporate capacity becomes removable under 28 U.S.C. § 1446(b) when the FDIC filed the first pleading or paper in its new capacity. In this case, the FDIC became a party to the suit in its corporate capacity as a substituted party on July 9, 1984 and petitioned for removal to federal court on August 8, 1984. Because the FDIC petitioned for removal within 30 days after it filed the first pleading or paper in its corporate capacity, the petition for removal to this court was timely filed.

It is therefore ORDERED that the defendant's Request for Remand to State Court be and the same is hereby denied.