**FEDERAL DEPOSIT INSURANCE CORPORATION, Receiver of Security National Bank of Lubbock, Texas, Plaintiff,**

v.

**C.C. BROOKS, Defendant.**

**Civ. A. No. CA-5-84-273.**

United States District Court, N.D. Texas, Lubbock Division.

March 18, 1985.

Harold H. Pigg, Brock, Morton & Pigg, Lubbock, Tex., for plaintiff.

David R. Langston, Brian Quinn, McWhorter, Cobb & Johnson, Lubbock, Tex., for defendant.

## ORDER OF REMAND

WOODWARD, Chief Judge.

On March 18, 1985, the court considered the Motion to Remand filed by the defendant C.C. Brooks in the above-entitled and numbered cause. After examining the Motion, accompanying brief, and brief filed in opposition thereto, the court determines that the Motion should be granted.

Once again, the court must decide whether the Federal Deposit Insurance Corporation (FDIC) has timely removed a previously filed state court action to federal court.

Twelve U.S.C. § 1819 (Fourth) permits the FDIC to remove to federal courts any case in which it is involved as the receiver of a national bank "following any procedure for removal now or hereafter in effect." The courts have interpreted this provision as requiring the FDIC to remove a case within the thirty-day time limit set forth in 28 U.S.C. § 1446 (1982). *In re Franklin National Bank Securities Litigation*, 532 F.2d 842 (2d Cir.1976). Under this provision, the petition for removal must be filed within thirty days after the receipt of the "pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (1982).

The defendant C.C. Brooks argues that the thirty-day period started to run in this case on June 28, 1984. On that day, the Honorable Denzil Bevers, presiding judge of the state court in which this case was pending, sent a letter to Mr. Harold Pigg, counsel for the FDIC herein, requesting that he prepare an order denying a summary judgment motion filed by Brooks in that court. The FDIC contends that the period commenced when it formally intervened in the state court suit on December 8, 1984, shortly before it removed the action to this court on December 21, 1984.

In previous cases this court has held that the thirty-day period started running when the FDIC formally intervened in the pending state court action. *See FDIC v. C.W. Brooks*, 652 F.Supp. 744 (N.D.Tex., 1985) (order denying motion to remand); *FDIC v.*

*Patton Cotton Co.*, 652 F.Supp. 742 (N.D. Tex., 1984) (order denying request for remand); *FDIC v. Crowe*, 652 F.Supp. 740 (N.D.Tex., 1984) (order denying motion to remand). In these cases, the court followed the reasoning of *FDIC v. Otero*, 598 F.2d 627 (1st Cir.1979), in holding that the motion to intervene was the "pleading, motion, order or other paper" that first put the FDIC on notice that the case was removable.

Those cases are different from the case presently under consideration in one important respect. On June 28, 1984, counsel for the FDIC herein received a letter from the presiding judge in the state case directing him to prepare an order for court approval. This letter was the paper from which the FDIC could first determine that the case had become removable for purposes of the § 1446(b) thirty-day removal period.

When counsel for the FDIC received Judge Bevers' letter, the FDIC had two options. First, it could submit the requested order for the judge's approval and remove to federal court within thirty days. Second, it could ignore the judge's letter, remove to this court within thirty days after it formally intervened in state court, and argue that the thirty-day period commenced running on the date of intervention. The court concludes that no policy would be served by approving the FDIC's action in ignoring the state court's letter and waiting almost six months to remove. Judge Bevers' letter sufficiently notified the FDIC of the pendency of a case that had become removable, and thus the § 1446(b) thirty-day removal period started running on June 28, 1984.

It is therefore ORDERED that the defendant C.C. Brooks' Motion to Remand is Granted and the case is hereby REMANDED to the 72nd District Court of Lubbock County, Texas.