ADDISON AIRPORT OF TEXAS,
INC., Plaintiff,

v.

EAGLE INVESTMENT
COMPANY, Defendant,

v.

FEDERAL SAVINGS AND LOAN
INSURANCE CORPORATION,
Intervenor.

Civ. A. No. CA3–88–0844–D.

United States District Court,
N.D. Texas,
Dallas Division.

Aug. 22, 1988.

David T. Moran of Jackson & Walker, Dallas, Tex., for plaintiff.

C. David Kinder of Sawtelle, Goode, Davidson & Troilo, Dallas, Tex., Paul H. Friedman and Samuel J. Winer of Arter & Hadden, Washington, D.C., David I. Hammond of Arter, Hadden & Witts, Dallas, Tex., and Jordan Luke, Jack Smith, Dorothy Nichols, and Charles McDonald, Office of the General Counsel, Federal Home Loan Bank Bd., Washington, D.C., for intervenor, Federal Sav. and Loan Ins. Corp.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

Plaintiff's motion to remand this action requires the court to decide a timeliness of removal question that it has not previously addressed. Because the court concludes that the Federal Savings and Loan Insurance Corporation ("FSLIC") was not obligated to remove the action until after it intervened, the court denies the motion.

## I.

On August 11, 1987, plaintiff, Addison Airport of Texas, Inc. ("AATI"), filed a forcible detainer action[1] in a Texas justice court against defendant, Eagle Investment Company ("Eagle"). AATI was the landlord and Eagle the tenant of certain leased premises located at the Addison Airport.

Vernon Savings and Loan Association, FSA[2] ("New Vernon") alleged that it had an interest in the AATI–Eagle dispute as the leasehold mortgagee. On August 28, 1987, New Vernon filed a plea in intervention in the justice court action. It also filed in Texas district court an action seeking a declaration of its rights in the AATI–Eagle leased premises. AATI moved to strike New Vernon's intervention in the justice court action and on August 31, 1987 the court struck New Vernon from the case. Thereafter, the matter was tried and the court awarded possession of the leasehold to AATI.

As permitted by Texas law, see TEX.R. CIV.P. 749, Eagle appealed the adverse judgment to Texas county court, where the matter is tried de novo. See Ezon v. Cornwall Equities Ltd., 540 F.Supp. 885, 887 (S.D.Tex.1982). The appeal was tried on October 22, 1987 and on October 28 the county court entered a final judgment awarding AATI possession of the leasehold premises. On November 10, 1987, Eagle filed a motion for new trial, which motion the county court granted on January 29, 1988. The court set the new trial for April 21, 1988.

In the meantime, on November 19, 1987, the Federal Home Loan Bank Board ("FHLBB") declared New Vernon insolvent and appointed the FSLIC as receiver. On that date New Vernon's district court declaratory judgment action was pending. The FSLIC removed the district court action to this court within 30 days of its receivership appointment.[3] New Vernon was not on November 19, 1987 a party to the county court de novo appeal between AATI and Eagle, having been stricken as a party at the justice court level. The FSLIC did not attempt to remove the county court action within 30 days of its appointment as receiver.

On April 20, 1988, however, one day prior to the new trial setting in the county court, the FSLIC intervened and removed the action to this court. AATI moves to remand, contending that the FSLIC untimely removed or waived its right to remove the action and that the FSLIC had no substantive right to intervene in the county court action.[4]

## II.

### A.

■ The court first considers plaintiff's contention that the FSLIC's petition for removal was untimely.

In Vernon Savings & Loan Ass'n, FSA v. Commerce Savings & Loan Ass'n, 677 F.Supp. 495 (N.D.Tex.1988), this court held that the FSLIC, in its capacity as receiver

---

1. See generally TEX.PROP. CODE ANN. §§ 24.-001—24.008 (Vernon 1984 & Supp.1988); TEX. R.CIV.P. 738–755. The procedure is intended by Texas law "to provide a speedy and inexpensive remedy for the determination of who is entitled to possession of property." Johnson v. Fellowship Baptist Church, 627 S.W.2d 203, 204 (Tex.App.1981, no writ) (citing cases); see TEX. R.CIV.P. 746 ("only issue shall be as to the right to actual possession").

2. Vernon Savings and Loan Association, FSA ("New Vernon"), a federally chartered thrift, succeeded Vernon Savings and Loan Association ("Old Vernon"), a state chartered thrift, when the Federal Home Loan Bank Board ("FHLBB") declared Old Vernon insolvent on

March 20, 1987. See Vernon Savings & Loan Ass'n, FSA v. Commerce Savings & Loan Ass'n, 677 F.Supp. 495, 496 (N.D.Tex.1988); Blakely Airport Joint Venture II v. FSLIC, 678 F.Supp. 154, 155 (N.D.Tex.1988). On November 19, 1987, New Vernon also failed and the FHLBB appointed the FSLIC as receiver for New Vernon.

3. This action, Vernon Savings & Loan Ass'n, FSA, et al. v. The City of Addison, Texas, et al., Civil Action No. CA3–87–2960–D, is now pending.

4. These are the three arguments that AATI sets forth in its brief. To the extent AATI's motion to remand includes other contentions that are not briefed, the court declines to consider them.

for a federally chartered thrift, is entitled to a federal forum in which to conduct litigation. *Id.* at 497. The court also concluded that the FSLIC's right of removal is subject to the procedures prescribed by the general removal statutes, including the requirement that the removal petition be filed within 30 days after the action becomes removable. *Id.* at 499 n. 13. In *Blakely Airport Joint Venture II v. FSLIC*, 678 F.Supp. 154, 155 (N.D.Tex.1988), this court held that the FSLIC, as receiver for New Vernon, timely removed an action involving New Vernon because it did so within 30 days of its appointment as receiver. In today's case the court decides a question not presented in *Vernon Savings* or *Blakely:* whether the FSLIC must remove an action prior to the date it formally intervenes, when the failed thrift is not a party to the action on the date the FSLIC is appointed receiver.

FSLIC removal jurisprudence combines both 12 U.S.C. § 1730(k)(1),[5] a special removal statute, and 28 U.S.C. §§ 1441–1452, the general removal statutes. "[Section] 1730(k)(1) invokes its own body of jurisprudence from which this court is to determine whether the FSLIC can remove a state court [action]." *Vernon Savings*, 677 F.Supp. at 497. Nevertheless, "[e]ven under § 1730(k)(1), the FSLIC is subject to the removal procedures prescribed by the general removal statutes...." *Id.* at 499 n. 13; *see Blakely*, 678 F.Supp. at 155. This includes the 30–day removal requirement of 28 U.S.C. § 1446(b).[6] *Vernon Savings*, 677 F.Supp. at 499 n. 13.

AATI contends the FSLIC did not timely remove because it failed to do so within 30 days either of August 28, 1987 (the date New Vernon moved to intervene in the justice court action) or November 19, 1987 (the date the FSLIC was appointed receiver for New Vernon). This is so, AATI reasons, because on either such date, as required by § 1446(b), the FSLIC received the "amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable."

AATI's contention that the FSLIC should have removed this action within 30 days of August 28, 1987 need not long detain the court. The FSLIC was not appointed as receiver for New Vernon until November 19, 1987. New Vernon itself did not have any removal authority. The right of removal resided with the FSLIC, *see* § 1730(k)(1)(C), and its authority could not have arisen prior to its appointment as

5. 12 U.S.C. § 1730(k)(1):

Notwithstanding any other provision of law, (A) the [FSLIC] shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28; (B) any civil action, suit, or proceeding to which the [FSLIC] shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the [FSLIC] may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect: *Provided,* That any action, suit, or proceeding to which the [FSLIC] is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, .creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States. No attachment or execution shall be issued against the [FSLIC] or its property before final judgment in any action, suit, or proceeding in any court of any State or of the United States or any territory, or any other court.

6. 28 U.S.C. § 1446(b):

The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, .of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

receiver.[7] The August 28, 1987 date is therefore irrelevant.

■ The court also rejects the contention that the FSLIC was required to remove the county court action within 30 days of its appointment as receiver. Section 1446(b) provides that, in cases not initially removable, the petition for removal may be filed within 30 days after receipt by the removing party "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." When the FSLIC is appointed receiver for a failed thrift that is a party to litigation, the first "paper" that informs the FSLIC that the case is removable is the FHLBB's order appointing it as receiver.[8] This is so because the FSLIC knows at this juncture that it is entitled to remove the action by authority of § 1730(k)(1). It is irrelevant that the FSLIC is not yet a formal party to the litigation because it is deemed a party as a matter of law. *See North Mississippi Savings & Loan Ass'n v. Hudspeth*, 756 F.2d 1096, 1100 (5th Cir. 1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed. 768 (1986).

When, as here, the failed thrift is *not* a party to a pending action, the FHLBB order appointing the FSLIC is not the first paper that informs the FSLIC of its right to remove. This is so because the FSLIC has no right to remove an action to which neither it, *cf.* § 1730(k)(1)(B) and (C), nor the failed thrift, *cf. Hudspeth*, 756 F.2d at 1100, is a party.

To hold, as AATI urges, that the FSLIC must remove within 30 days of its appointment as receiver would impose upon the FSLIC a burden to identify pell-mell every potential action in which it may desire to intervene or risk the loss of its removal right. The court finds this result to be incongruous with Congress' "intent readily to afford the FSLIC an available federal forum." *See Vernon Savings*, 677 F.Supp. at 497.

Instead, when the FSLIC is appointed receiver for an institution that is not a party to a particular case, the FSLIC removal clock does not begin to tick until the FSLIC intervenes.[9] *See by analogy*[10] *FDIC v. Crowe*, 652 F.Supp. 740, 742 (N.D. Tex.1984) ("Because the FDIC became a party to this suit in its corporate capacity on the date that it intervened and filed a petition of removal on that same date, the removal was timely filed."); *FDIC v. Patton Cotton Co.*, 652 F.Supp. 742, 743 (N.D. Tex.1984) (case removable "when the FDIC filed the first pleading or paper in its new capacity"); *FDIC v. C.W. Brooks*, 652 F.Supp. 744, 745 (N.D.Tex.1985) (FDIC becomes a party for purposes of removal "on the date it intervenes in the state court action"). *See also FDIC v. Otero*, 598 F.2d

---

**7.** This case is unlike *North Mississippi Savings & Loan Ass'n v. Hudspeth*, 756 F.2d 1096 (5th Cir. 1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986), where the Fifth Circuit held that the FSLIC was a "party" to a suit within the contemplation of § 1730(k)(1) "[e]ven though the FSLIC ha[d] not been formally joined." *Id.* at 1100. In *Hudspeth* the parties to the removed state court action included the failed thrift for which the FSLIC had been appointed receiver. *Id.* at 1099 ("Hudspeth then filed an amended counterclaim joining New North [the 'federalized' thrift] as a party"). The FSLIC and the failed institution removed the case to federal court notwithstanding that the FSLIC was not formally a party. *Id.* at 1100. This aspect of *Hudspeth* teaches that, once a thrift has been placed in the receivership of the FSLIC, if the thrift is a party to a pending action the law presumes that the FSLIC is also a party. It does not hold, however, that the FSLIC can or must remove an action prior to its appointment as receiver.

**8.** This assumes the inapplicability of the proviso of § 1730(k)(1) that pertains to the FSLIC as receiver "of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law."

**9.** In the unlikely event that the failed institution intervenes in its own name after the FSLIC is appointed receiver, the FSLIC is required to remove within 30 days of the thrift's intervention date because the FSLIC becomes a party to the action as a matter of law. *See Hudspeth*, 756 F.2d at 1100.

**10.** *See Vernon Savings*, 677 F.Supp. at 497 & n. 7 (FDIC removal statute analogous to FSLIC removal statute) (citing *In re Franklin National Bank Securities Litigation*, 532 F.2d 842, 844 (2d Cir.1976)); *Hudspeth*, 756 F.2d at 1100 (FDIC and FSLIC statutes are parallel).

627, 633 n. 7 (1st Cir.1979) (argument that FDIC must remove an action before it intervenes is "frivolous").

AATI argues, however, that Chief Judge Woodward's opinion in *FDIC v. C.C. Brooks*, 652 F.Supp. 745 (N.D.Tex.1985), reasons in favor of a remand in the present case. In *C.C. Brooks* the FDIC was appointed as receiver for a failed bank in April 1984.[11] On June 28, 1984, there was on file in Texas state court an action between the failed bank and C.C. Brooks that apparently was pending in April 1984 when the FDIC was appointed receiver.[12] The FDIC did not formally intervene in the action until December 8, 1984. *Id.* at 746. Brooks moved for summary judgment prior to June 28, 1984 and the state court denied the motion. *Id.* The state judge sent a letter to the FDIC's attorney on June 28, requesting that the attorney prepare an order denying the motion. *Id.* Chief Judge Woodward held that the FDIC should have removed within 30 days of June 28, 1984 because the state judge's "letter was the paper from which the FDIC could first determine that the case had become removable for purposes of the § 1446(b) thirty-day removal period." *Id.*

*C.C. Brooks* appears to be distinguishable from the present case because the failed bank apparently[13] was already a party to the state court action when the FDIC was appointed receiver. On that date there was pending an action that was removable by authority of 12 U.S.C. § 1819(4) (FDIC removal statute).[14] In the present case New Vernon was not a party to a pending suit on the date the FSLIC was appointed receiver.

■ Moreover, rather than commanding the result that AATI urges, *C.C. Brooks* actually treats the FDIC more leniently than would the court's decision today. The court holds in the instant case that the FSLIC must remove a state court action within 30 days of its appointment as receiver if the failed thrift is a party to the action on the date of the FSLIC's appointment. In *C.C. Brooks*, Chief Judge Woodward remanded the action *not* because the FDIC failed to remove within 30 days of its April 1984 appointment as receiver but because the FDIC knew of its removal right on June 28, 1984 and did not timely exercise the right. Had Chief Judge Woodward followed the same reasoning as the court does today, the FDIC's right of removal would have elapsed even sooner, in May 1984, when the FDIC failed to remove the pending state action within 30 days of its appointment as receiver.

In the present case, New Vernon was not a party to the pending county court action when the FSLIC was made receiver because New Vernon had been stricken as a party by the justice court. The action thus was not removable until the FSLIC formally intervened.[15] When the FSLIC did inter-

---

**11.** This is taken from the factual recitation in the companion case, *FDIC v. C.W. Brooks*, 652 F.Supp. 744 (N.D.Tex.1985).

**12.** This fact is not expressly set forth in the abbreviated opinions in *C.C. Brooks* or *C.W. Brooks* but is reasonably inferred from the opinions.

**13.** *See supra* note 12.

**14.** 12 U.S.C. § 1819(4):

All suits of a civil nature at common law or in equity to which the [FDIC] shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and the [FDIC] may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district or division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect, except that any such suit to which the [FDIC] is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United States. No attachment or execution shall be issued against the [FDIC] or its property before final judgment in any suit, action, or proceeding in any State, county, municipal, or United States court. The Board of Directors shall designate an agent upon whom service of process may be made in any State, Territory, or jurisdiction in which any insured bank is located.

**15.** *See supra* note 7.

vene it became obligated to remove the action within 30 days, and it timely did so.

### B.

 AATI next argues that the FSLIC is not a proper party to the AATI–Eagle county court appeal and had no right to intervene. The court need not now decide the merits of plaintiff's contention in order to reject the argument as a basis for remanding this action. "What must be remembered is that § 1730(k)(1) simply makes available to the FSLIC a federal forum." *Vernon Savings,* 677 F.Supp. at 498 (footnote omitted). "[T]he question of removability *vel non* is distinguishable from the question whether relief can be granted." *Id.* at 499. The FSLIC is entitled to have this court decide whether the FSLIC properly intervened in the county court action.

### C.

AATI also contends the FSLIC waived its right to intervene. Plaintiff's waiver argument is predicated upon Texas procedural law, not the removal jurisprudence of § 1730(k)(1), and is thus inapposite.

The motion to remand is denied.

SO ORDERED.