**INTERIOR GLASS SERVICES, INC.,
James D. Foley and Fred
Meyn, Plaintiffs,**

v.

**FEDERAL DEPOSIT INSURANCE COR-
PORATION as Receiver of Alaska Na-
tional Bank of the North, Defendants.**

**No. F88–006 Civ.**

United States District Court,
D. Alaska.

Aug. 25, 1988.

Kenneth Ringstad, Rice & Ringstad, Fairbanks, Alaska, for plaintiffs.

Ronald E. Noel, Hughes, Thorsness, Gantz, Powell & Brundin, Fairbanks, Alaska, for defendants.

## DECISION ON MOTION FOR REMAND

KLEINFELD, District Judge.

Interior Glass, James Foley and Fred Meyn sued Alaska National Bank in December of 1986, on account of a dispute arising under an alleged promise to renew a note. Subsequently, Alaska National Bank of the North went into receivership. The Federal Deposit Insurance Corporation ("FDIC") became the receiver. The FDIC removed the case to federal court by filing a petition for removal on February 12, 1988. This was approximately three and one-half months after Alaska National Bank went into receivership.

The question is whether the petition for removal was filed within 30 days under 28 U.S.C. § 1446(b).[1] The second paragraph of § 1446(b) is applicable because the case stated by the initial pleading was not removable. Thus, the question is whether the petition was filed within 30 days after receipt by the FDIC of a "copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (1982).

Two things have to take place for the 30 day period to begin running. First, the case must be one which is or has become removable. The issue of when this case became removable is governed by 12 U.S.C. § 1819. That statute gives the FDIC the right to remove civil suits to which the

---

1. 28 U.S.C. § 1446(b) provides in full as follows:
   (b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim of relief upon which such action or proceeding is based, or within thirty days after service of summons upon the defendant if such initial pleading has then been filed in court and is not re-
   
   quired to be served on the defendant, whichever period is shorter.
   If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is or has become removable.

corporation "shall be a party." 12 U.S.C. § 1819 (1982). This means that removability occurred when the FDIC became a party. Second, there must be receipt of a pleading, motion, order or other paper from which that fact may be ascertained.

Plaintiff seeks remand on the grounds that the 30 days began running (1) when the FDIC became the receiver; or (2) when the failed bank's lawyers sent the FDIC a letter telling the FDIC about the case and enclosing a copy of the complaint; or (3) when the FDIC signed a consent to substitution of its lawyers for the failed bank's lawyers.

The FDIC knew that it had the power to become a party, and that it was the real party in interest, when it became the receiver; this was more than 30 days before removal. The FDIC claims difficulty obtaining files from the bank's previous lawyers. This does not matter. The FDIC had access to the public file in the state court clerk's office. That file sufficiently disclosed the contents of the lawsuit. When there are substitutions of counsel, lawyers routinely go to the courthouse to read the file, or send their secretaries to the courthouse to obtain copies of the entire file. The FDIC was not dependent on the failed bank's unpaid lawyers to provide it with copies of the materials filed in court.

The FDIC participated in the lawsuit in state court more than 30 days before removal. On January 11, 1988, the FDIC filed a substitution of counsel, to substitute the law firm of Hughes, Thorsness, Gantz, Powell & Brundin for the lawyers who had been representing the failed bank, Campbell, Brinker, Beardsley & Copeland. In that substitution, the lawyers purported to enter their appearance on behalf of the FDIC as receiver. On January 12, the FDIC filed additional papers in court in which it apparently purported to be a party. The FDIC said, for example, in its memorandum in support of motion for expedited consideration, "The FDIC as receiver for Alaska National Bank of the North has moved this court" and so forth. On the other hand, in its memorandum for a continuance filed January 12, the FDIC recognized that "it has not been substituted as the official party . . . ."

If the FDIC became a party on January 11, remand is proper because January 11 was not within 30 days of the February 12 removal. However, if the FDIC became a party when the state court ordered substitution of the FDIC for the bank on January 26, which was within 30 days of removal, the case was properly removed.

According to the legislative history of the removal statute, the second paragraph of subsection (b) is "declaratory of the existing rule laid down by the decisions." 1949 U.S. Code Cong. & Admin. News 1248, 1268 (citing *Powers v. Chesapeake & Ohio Railway Co.,* 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898)). In *Powers,* the Supreme Court held that "so long as there does not appear of record to be any removable controversy," the case was not removable, and the time limit for removal did not begin running. 169 U.S. at 100, 18 S.Ct. at 267. The time runs from when "the action assumes the shape of a removable case in the court in which it was brought." 169 U.S. at 101, 18 S.Ct. at 267.

This case did not become removable at any of the times urged by plaintiff, because at these times there did not "appear of record to be any removable controversy." *Powers, op. cit.* at 100, 18 S.Ct. at 267. The case did not "assume the shape of a removable case in the court in which it was brought" until the state court ordered that the FDIC be substituted for the bank as a party. *Id.* at 100, 18 S.Ct. at 267.

The question of when the FDIC became a party was governed by Rule 25(c) of the Alaska Rules of Civil Procedure, which provides in part:

> In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

Until the state court, in the exercise of its discretion, granted FDIC's motion to substitute as the party defendant, the FDIC

was not a party. *See State v. 18,018 Square Feet*, 621 P.2d 887 (Alaska 1981); 7C C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 1958 (2d ed. 1986). Regardless of what it knew, and regardless of the capacity in which it purported to act prior to the order, the FDIC was not substituted as a party until the state court so ordered on January 26. The lawsuit was not a suit "to which the Corporation shall be a party," under 12 U.S.C. § 1819, until that date, so was not "removable" under 28 U.S.C. § 1446 until that date. The February 12 removal was therefore timely.

This decision is distinguishable from a line of U.S. District Court decisions in Texas. *Federal Deposit Ins. Co. v. C.C. Brooks*, 652 F.Supp. 745 (N.D.Tex.1985); *Federal Deposit Ins. Co. v. C.W. Brooks*, 652 F.Supp. 744 (N.D.Tex.1985); *Federal Deposit Ins. Co. v. Patton Colton Co.*, 652 F.Supp. 742 (N.D.Tex.1984); *Federal Deposit Ins. Co. v. Crowe*, 652 F.Supp. 740 (N.D.Tex.1984). In all but *C.C. Brooks*, the court's language suggests that, under Texas law, the FDIC's filing of its motion to intervene triggered the 30 day period. Under Alaska law, however, the FDIC plainly was not a "party" until the state court exercised its discretion to grant the motion to substitute. Consequently, the Texas cases are not applicable here.

The *C.C. Brooks* case holds that a judge's letter triggered the 30 day period, even though the FDIC had not yet moved to intervene. Texas civil procedure doubtless differs in many respects from Alaska civil procedure. Yet in both jurisdictions the words and grammar of 12 U.S.C. § 1819 and 28 U.S.C. § 1446 require that the FDIC be a "party" for the case to be removable: prior knowledge of a case in which it may or should become a party cannot suffice. *Cf. Johnson Service Co. v. H.S. Kaiser Co.*, 324 F.Supp. 745 (N.D.Ill. 1971) (United States not party defendant until granted leave to intervene).

Stretching *C.C. Brooks* to cover lawyer's letters would violate the principle of *ejusdem generis*. This sensible principle, by which general words are construed to embrace only objects similar in nature to those objects enumerated by the proceeding specific words, implies that the phrase "other paper" in "amended pleading, motion, order or other paper" means a "paper" similar to an amended pleading, motion or order. 2A Sutherland, *Statutory Construction* § 47.17 (4th ed. 1984). A judge's letter may be like an order, but a lawyer's letter is not. *See Camden Industries Co. v. Carpenters Local Union*, 246 F.Supp. 252, 255 (D.N.H.), *aff'd*, 353 F.2d 178 (1st Cir.1965); *Bonnell v. Seaboard Air Line R.R. Co.*, 202 F.Supp. 53, 55 (N.D. Fla.1962); *Gilardi v. Atchison, Topeka & Santa Fe R.R. Co.*, 189 F.Supp. 82, 84–85 (N.D.Ill.1960) *Putterman v. Daveler*, 169 F.Supp. 125, 129 (D.Del.1958). If a lawyer's letter were an "other paper," motions for remand might require discovery of defense attorneys' files, and the uncertainty of the law would be magnified by problems of interpreting the letters.

The policy of requiring prompt removal avoids tactical removals after a defendant sees the case going sour in state court. Plaintiffs are not helpless to prevent such removals. In order to start the 30 day period, plaintiffs can take the initiative in naming or moving to substitute proper parties.

Plaintiff's motion for remand is denied.