**WOODLANDS II ON THE CREEK HOMEOWNERS ASSOCIATION, INC.,**
Plaintiff,

v.

**CITY SAVINGS AND LOAN ASSOCIATION OF SAN ANGELO, Defendant.**

**Federal Savings and Loan Insurance Corporation, as Receiver for City Savings and Loan Association, Receiver.**

**Civ. A. No. CA 3–88–1403–G.**

United States District Court,
N.D. Texas,
Dallas Division.

Jan. 20, 1989.

---

Kenneth Biermacher, Larry L. Martin, John T. Palter, Stahl & Spencer, Dallas, Tex., for plaintiff.

Charles G. Bell, Stradley, Schmidt, Stephens & Wright, Dallas, Tex., for defendant.

Maureen N. Armour, Akin, Gump, Strauss, Hauer & Feld, Dallas, Tex., Catherine W. Hoeg, William H. Knull, III, for defendant.

Mark A. Shaiken, Mayer, Brown & Platt, Houston, Tex., (Michele Odorizzi, Mayer, Brown & Platt, Chicago, Ill., of counsel), for receiver Federal Sav. and Loan Ins. Corp.

## MEMORANDUM ORDER

FISH, District Judge.

This case is before the court on the motion of the Federal Savings and Loan Insurance Corporation ("FSLIC"), as receiver for City Savings Association of San Angelo ("the S & L"), to dismiss for lack of subject matter jurisdiction. For the reasons stated

below, the court concludes that FSLIC's petition to remove the case to this court was untimely; despite this untimeliness, however, the case must be dismissed for want of jurisdiction rather than remanded to state court.[1]

## I. *Background*

Plaintiff Woodlands II on the Creek Homeowner's Association, Inc. ("Woodlands") originally filed an action against numerous defendants, including the S & L, in the 191st Judicial District Court of Dallas County, Texas, alleging causes of action relating to construction of a condominium project. Subsequently, on May 18, 1988, FSLIC was appointed receiver of the S & L by the Federal Home Loan Bank Board ("FHLBB"), thereby assuming all of the S & L's outstanding liabilities. On June 7, 1988, the state district court severed Woodlands' claims against the S & L from the main suit, and on June 15, 1988, assigned the severed suit its own style and cause number. Two days later, apparently oblivious to the severance, FSLIC intervened in the *main* suit (i.e., the suit to which the S & L was no longer a party) and filed with this court its original petition to remove that action. Having in the meantime realized its mistake, FSLIC filed on June 23, 1988 an amended petition for removal, this time to remove the severed case (i.e., the only case to which the S & L was a party). On August 31, 1988, based on these facts (to which the parties stipulated),[2] this court remanded the main suit to the 191st Judicial District Court of Dallas County, Texas.

## II. *Analysis*

### A. *Timeliness of Removal*

Woodlands argues that removal of the severed suit to this court was defective because FSLIC did not intervene in the severed action before removing it, and because the action was removed more than 30 days after the case became removable under 28 U.S.C. § 1446(b). *See* Woodlands' motion to stay proceedings at 2; FSLIC's memorandum in opposition at 2. *See also Vernon Savings and Loan Association, FSA v. Commerce Savings and Loan Association,* 677 F.Supp. 495, 499 n. 13 (N.D. Tex.1988).

■ The intervention question is easily disposed of. Once FSLIC was appointed receiver of the S & L, it was "deemed a party as a matter of law." *Addison Airport of Texas, Inc. v. Eagle Investment Company,* 691 F.Supp. 1022, 1025 (N.D. Tex.1988) (citing *North Mississippi Savings & Loan Association v. Hudspeth,* 756 F.2d 1096, 1100 (5th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986)). *See also Henry v. Independent American Savings Association,* 857 F.2d 995, 998 (5th Cir.1988). Because FSLIC was appointed receiver at a time when the S & L was a party to the (as yet unsevered) action, FSLIC became a party as a matter of law. *See Addison Airport of Texas, Inc.,* above, 691 F.Supp. at 1025.

■ The fact that the S & L was a party to the suit at the time it went into receivership required FSLIC to file its petition for removal within 30 days of its appointment. *Id.; see Vernon Savings and Loan Association,* above, 677 F.Supp. at 499 n. 13 ("even under [12 U.S.C.] § 1730(k)(1), the FSLIC is subject to the removal procedures prescribed by the general removal statutes, including the requirement of 28 U.S.C. § 1446(b) that the petition be filed within 30 days after the action becomes removable"). "This is so because the FSLIC knows at this juncture that it is entitled to remove the action by authority of [12 U.S.C.] section 1730(k)(1)." *Addison Airport of Texas, Inc.,* above, 691 F.Supp. at 1025.[3] FSLIC attempted to comply with 28

---

1. The plaintiff's motion to stay proceedings is denied. The court finds no merit in the plaintiff's contentions (1) that this case involves an acquisition and assumption rather than a liquidation, and (2) that *North Mississippi Savings & Loan Association v. Hudspeth,* 756 F.2d 1096 (5th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986), was wrongly decided.

2. *See* the agreed motion and order to remand the main lawsuit, filed August 25, 1988 and entered August 31, 1988.

3. *See* 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3732 (2d ed. 1985) [hereinafter "Wright & Miller"] at 520 (purpose of second paragraph of § 1446(b) is to "commence the running of the thirty-day period once

U.S.C. § 1446(b) by filing a petition for removal on June 17, 1988, its attorneys still apparently laboring at that time under the erroneous impression that the S & L was a party to the main action.[4]

FSLIC contends that its amended removal petition of June 23, 1988 was timely under § 1446(b) because

> If the case is not subject to removal when it is first filed, a removal petition must be filed within thirty days of the date when a right to remove can first be ascertained. Here, the second case obviously could not have been removed until the case was severed and the new case against [the S & L] alone was created; it was at that point that the thirty days began to run. Since FSLIC removed the case two days later, the removal petition was clearly timely.

FSLIC's memorandum in opposition to Woodlands' motion to stay at 3.

On the contrary, nothing could be less clear. "When the FSLIC is appointed receiver for a failed thrift that is a party to litigation, the first 'paper' that informs the FSLIC that the case is removable is the FHLBB's order appointing it as receiver." *Addison Airport of Texas, Inc.,* 691 F.Supp. at 1025. In this case, the S & L was a party to this litigation when it was placed in receivership on May 18, 1988. On June 7, 1988, the S & L ceased to be a party to the main action and became the single defendant in the severed action. At no time did the S & L cease to be a party to the action so that intervention by FSLIC was required to start the removal clock. *Id.* and n. 9.

Nor is this a situation where FSLIC was required to "identify pell-mell" an action in which it might have desired to intervene or risk loss of removal rights. *Id.* Indeed, FSLIC was warned of the pending severance; the severance actually occurred ten days before the § 1446(b) clock ran out;

and the severed action was assigned its own cause number two days before the clock ran out. *See* paragraph I above.

■ Woodlands, which seeks a remand, has done nothing to waive its rights under 28 U.S.C. § 1447(c). *Intercoastal Refining Company, Inc. v. Jalil,* 487 F.Supp. 606, 608 (S.D.Tex.1980). *See Brown v. Demco, Inc.,* 792 F.2d 478, 481–82 and n. 14 (5th Cir.1986); *Loftin v. Rush,* 767 F.2d 800, 805 (11th Cir.1985) (citing *Weeks v. Fidelity & Casualty Co. of New York,* 218 F.2d 503, 504 (5th Cir.1955)). Although the requirement for timely removal is not jurisdictional, it is mandatory unless waived. *Courtney v. Benedetto,* 627 F.Supp. 523, 527 (M.D.La.1986) (citing *Royal v. State Farm Fire & Casualty Co.,* 685 F.2d 124, 126–27 (5th Cir.1982)). *See Loftin,* above, 767 F.2d at 805 (citing *Powers v. Chesapeake & Ohio Railway Co.,* 169 U.S. 92, 99, 18 S.Ct. 264, 266, 42 L.Ed. 673 (1898)); *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir.1983); *Harris v. Edward Hyman Company,* 664 F.2d 943, 945 (5th Cir.1981); *Weeks,* above, 218 F.2d at 504; *Albonetti v. GAF Corporation–Chemical Group,* 520 F.Supp. 825, 827 (S.D.Tex.1981).

### B. Attempted Cure of the Untimeliness

■ The next question is whether FSLIC's first amended petition for removal filed on June 23, 1988 cured the untimeliness of its earlier petition. The court is of the opinion that it did not. After the 30–day period for removal found in 28 U.S.C. § 1446(b) has lapsed, the only amendments which should be permitted are those to remedy a defective allegation of jurisdiction, pursuant to 28 U.S.C. § 1653. *Computer People, Inc. v. Computer Dimensions International, Inc.,* 638 F.Supp. 1293, 1296–97 (M.D.La.1986); *Courtney,* above, 627 F.Supp. at 527. The right to amend is limited and cannot be used to cure

---

the defendant receiver actual notice that the case has become removable").

**4.** In support of the agreed motion to remand of August 25, 1988, FSLIC stipulated that it had been apprised by former counsel for the S & L that an agreed order to sever that action was

pending in the Dallas district court. Despite this notice, FSLIC stated that it "was not aware that an order severing the case had actually been entered by the state court on June 7, 1988," or that the severed suit had been assigned a new style and cause number on June 15, 1988.

substantial defects in removal proceedings. *Id.*[5] Professors Wright, Miller and Cooper explain:

> The petition may be amended freely prior to the expiration of the 30 day period for seeking removal. Thereafter, however, the cases indicate that the petition may be amended only to set out more specifically grounds for removal that already have been stated, albeit imperfectly, in the original petition; new grounds may not be added and missing allegations may not be furnished.

14A Wright & Miller § 3733 at 537–38 (footnotes omitted). *See Mayers v. Connell*, 651 F.Supp. 273, 274–75 (M.D.La. 1986). *See also Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir.1986) ("Section 1653 provides a method for curing defective *allegations* of jurisdiction ... [,] not to create jurisdiction retroactively where it did not previously exist") (emphasis in original).

■ In this case the jurisdictional allegations are the same in both petitions for removal. FSLIC does not seek to correct any jurisdictional allegations. Rather, it seeks through amendment to remove a case after expiration of the thirty days for doing so under 28 U.S.C. § 1446(b). Section 1653 does not apply to this situation.

### C. Disposition of the Case

■ The only issue remaining is whether the case should be remanded to state court. In most instances where a suit is improvidently removed, 28 U.S.C. § 1447(c) requires remand. *Smith v. City of Picayune*, 795 F.2d 482, 484 and n. 2 (5th Cir. 1986). However, it would be senseless to remand a case that the state court will not be able to act upon. *See Jones v. Newton*, 775 F.2d 1316, 1318 (5th Cir.1985) (remand should not be ordered unless the state court can proceed to act on the case once it gets there; plaintiff should have some legal possibility of recovering against some defendant). Also, if after removal the court finds "that the state court lacks either subject matter or personal jurisdiction, the proper procedure is to dismiss the case for lack of jurisdiction rather than remand." *Pliler v. Asiatic Petroleum Company (Texas)*, 197 F.Supp. 212, 217 and n. 6 (S.D.Tex.1961). *See* 14A Wright & Miller § 3739 at 570–71 (1985) ("if the case is one within the removal jurisdiction of the federal courts but it is determined that the state court lacked original jurisdiction over the case, the federal court will dismiss rather than remand"); *see also Spencer v. New Orleans Levee Board*, 737 F.2d 435, 437–38 (5th Cir.1984). *Cf. Weeks*, 218 F.2d at 504;[6] *Friedrich v. Whittaker Corp.*, 467 F.Supp. 1012, 1014 (S.D.Tex.1979).

The case as presented in the amended petition was not timely removed, although it is within the removal jurisdiction of this court. 12 U.S.C. § 1730(k)(1); *Hudspeth*, 756 F.2d at 1101–02. *See Loftin*, 767 F.2d at 805 (30–day time limit is not jurisdictional but rather is modal and formal). Courts lack subject matter jurisdiction to determine claims against FSLIC as receiver that would establish the validity of claims against the receivership estate or that would overturn the way in which the FSLIC has allocated assets and liabilities. *Hudspeth*, 756 F.2d at 1101–03; *Coit Independence Joint Venture v. FirstSouth*,

---

**5.** *Courtney* held that an amendment to allege that a nonjoining party consented to removal was a substantial defect in removal proceedings, incurable under 28 U.S.C. § 1653.

**6.** In *Weeks,* the court stated in dicta that remand rather than dismissal is required when "the lack of jurisdiction in the federal court is based on a lack of jurisdiction in the state court." 218 F.2d at 504. That rule, if it is still the law in this circuit, *see Digby v. United States Fidelity and Guaranty Co.,* 239 F.2d 569, 570 (5th Cir.1957), does not apply to a case removed under the *Hudspeth* doctrine, 756 F.2d at 1099–1102, where the court must (1) decide on its subject matter removal jurisdiction under 12 U.S.C. section 1730(k)(1) and then, if jurisdiction exists under that statute, (2) decide whether to exercise its jurisdiction in light of 12 U.S.C. § 1464(d)(6)(C). *See Henry v. Independent American Savings Association,* 857 F.2d 995, 1002–03 (5th Cir.1988) (Higginbotham, J., concurring). Under *Hudspeth,* the court finds that this case is within its removal jurisdiction; that the case was improvidently removed; and that the case should be dismissed rather than remanded, because of the state court's lack of original jurisdiction. 14A Wright & Miller § 3739 at 570–71; *Pliler,* 197 F.Supp. at 217.

*F.A.*, 829 F.2d 563, 564 (5th Cir.1987), *cert. granted,* —— U.S. ——, 108 S.Ct. 1105, 99 L.Ed.2d 267 (1988).[7] *See* 12 U.S.C. § 1464(d)(6)(C) ("except as otherwise provided in this subsection, *no court* may ..., except at the instance of the [FHLBB], restrain or affect the exercise of powers or functions of a conservator or receiver") (emphasis added). *See also Carrollton–Farmers Branch Independent School District v. Johnson & Cravens,* 858 F.2d 1010, 1015–16 (5th Cir.1988) (citing *Bean v. Independent American Savings Association,* 838 F.2d 739, 742 (5th Cir.1988)).

### III. *Conclusion*

The case is DISMISSED for lack of subject matter jurisdiction in the state court, or alternatively, under the doctrine of primary jurisdiction.[8]

SO ORDERED.

---

**7.** Alternatively, these claims may be dismissed under the doctrine of primary jurisdiction. *Henry v. Independent American Savings Association,* 857 F.2d 995, 1002–03 (5th Cir.1988) (Higginbotham, J., concurring).

**8.** *Contra, Federal Savings and Loan Insurance Corporation v. Glen Ridge I Condominiums, Ltd.,* 750 S.W.2d 757, 759 (Tex.1988).