McCARTHY WESTERN CONSTRUCTORS, INC., an Arizona corporation; Cannon and Wendt Electric Company, Inc., Plaintiffs–Appellees,

v.

The PHOENIX RESORT CORPORATION, a Delaware corporation, et al., Defendant,

and

Resolution Trust Corporation, as Federal Receiver for Lincoln Savings and Loan Association, F.A.; Intervenor–Appellant.

No. 91–15797.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 17, 1991.

Decided Dec. 23, 1991.

---

Larry W. Joye, Morrison & Hecker, Kansas City, Mo., for intervenor-appellant.

Stephen E. Richman, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for plaintiff-appellee.

Teresa H. Foster, and Robert S. Porter, Ellis, Baker & Porter, Phoenix, Ariz., for plaintiff-appellee.

Before CHOY, ALARCON and T.G. NELSON, Circuit Judges.

ALARCON, Circuit Judge:

Resolution Trust Corporation (RTC) appeals from the order remanding this matter to state court. RTC contends that the district court erred in ruling that the notice of removal was untimely. We do not reach this question. RTC was not a party to the state court proceedings. We affirm the order granting remand because Congress has determined that removal jurisdiction can only be invoked by a party to the state court proceedings.

The specific jurisdictional question we must decide is whether a district court has been authorized by Congress to exercise removal jurisdiction where RTC, acting as receiver or conservator of a failed federally insured thrift association, files a notice of removal and a motion to intervene in the district court, in a matter in which the financial institution is not a party and a motion for intervention was not filed in state court. Resolution of this question requires us to examine the pleadings and proceedings in the state court to determine whether RTC was named as a party, or became a party by operation of law.

## I.

### PERTINENT FACTS

McCarthy Western, Inc. (McCarthy), filed this action in the Arizona Superior Court in Maricopa County against The Phoenix Resort Corporation (Phoenix), The Crescent Hotel Group (Crescent), doing business in Arizona as The Crescent Hotel Group, Inc., and others on February 16, 1987. McCarthy seeks money damages and other state remedies for services performed as the general contractor for the Phoenician Resort.

Crescent and Phoenix filed a counterclaim in which they seek damages on various theories.

Cannon & Wendt Electric Company, Inc. (Cannon & Wendt), also filed an action against Phoenix, Crescent and others on March 13, 1989. The Maricopa County Superior Court consolidated the Cannon & Wendt matter with the McCarthy action.

Crescent, the original owner of the Phoenician Resort, is a wholly owned subsidiary of Lincoln Savings and Loan Association (Lincoln). Phoenix, the assignee of Crescent and subsequent owner of the Phoenician Resort, is a third-tier subsidiary of Lincoln. Lincoln was a federally insured thrift association chartered under the laws of the State of California. On April 14, 1989, the Federal Home Loan Bank Board (Bank Board) determined that Lincoln was financially unsound and appointed the Federal Savings and Loan Insurance Corporation (FSLIC) as Lincoln's conservator. On August 2, 1989, FSLIC was also appointed as Lincoln's receiver and directed to create a new thrift association referred to herein as New Lincoln. FSLIC was appointed as conservator for New Lincoln on the same date.

On August 9, 1989, pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA), RTC succeeded FSLIC as conservator and receiver for Lincoln and as conservator for New Lincoln. 12 U.S.C. § 1441a(b)(6).

McCarthy and Cannon & Wendt did not amend their complaints to include Lincoln, New Lincoln, FSLIC, or RTC as parties in their consolidated state court actions. RTC did not move to be substituted as a party in place of Phoenix or Crescent. RTC did not file a motion to intervene in the consolidated state court proceedings in its capacity as conservator and receiver for Lincoln and as conservator for New Lincoln.

Although RTC was not a party to the state court proceedings, it was aware of the action and actively monitored the progress of the litigation. As receiver for Lincoln, RTC succeeded to Lincoln's rights, title, and interest as a shareholder in Phoenix. RTC and the Kuwait Investment Office, a 45% shareholder in Phoenix, installed new management at the Phoenician Resort in November 1989. RTC holds four seats on the board of directors for Phoenix. Based on its interests in Phoenix, RTC participated in settlement negotiations and ultimately rejected a proposed settlement agreement between the parties in the state court action. Counsel for RTC was present at a status conference during the settlement negotiations. RTC's counsel clarified at that time, however, that he was not present "to make entry of appearance in the case" but at the request of the attorneys for the named parties in the action.

On January 24, 1991, the state court ordered this case set for trial on July 29, 1991. On the same date, the court also set dates for completion of document production and discovery.

On March 7, 1991, the Office of Thrift Supervision appointed RTC as receiver for New Lincoln. On April 5, 1991, RTC, in its capacity as receiver for New Lincoln, filed a notice of removal and a motion to intervene concurrently in the district court for the District of Arizona pursuant to 12 U.S.C. § 1441a($l$)(1), 12 U.S.C. § 1441a($l$)(3), 12 U.S.C. § 1819(b)(2)(B), 28 U.S.C. § 1441(a), and Rule 24(a) of the Federal Rules of Civil Procedure. McCarthy and Cannon & Wendt each filed a motion to remand, challenging RTC's authority to remove and to intervene in the district court because it was not a party in the state court proceedings.

On May 21, 1991, the district court ordered that the case be remanded to the state court. The court ruled that RTC's notice of removal was untimely. RTC filed a timely notice of appeal pursuant to 12 U.S.C. § 1441a($l$)(3). Section 1441a($l$)(3) expressly authorizes the RTC to appeal from an order granting a remand to state court.

## II.

### REMOVAL JURISDICTION IN ACTIONS WHERE RTC IS A PARTY

On August 2, 1991, this court issued an order instructing the parties to file supplemental briefs addressing the question whether a district court has subject matter jurisdiction where RTC, in its capacity as a

receiver for a thrift association, has filed a notice of removal of a state court action in which the financial institution and RTC were not parties. In response, RTC asserts that "the federal district court had subject matter jurisdiction once RTC's Notice of Removal was filed." None of the cases cited by RTC support this contention. Before discussing the statutes and the relevant case law, we must reflect upon the source and limitation of federal court jurisdiction.

At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction. A review of the federal court's jurisdiction is a threshold question which must be answered prior to the disposition of each case before it. Even though not raised by the parties, lack of jurisdiction may be considered by the court, at any stage of the proceedings. *Chicago, Burlington & Quincy Ry. v. Willard,* 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521 (1911).

The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress. We look to federal law to determine whether the elements of removal jurisdiction have been established under the statutes, keeping in mind that removal statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); 14 Wright, Miller and Cooper, *Federal Practice and Procedure,* § 3721, pp. 533–37.

*Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979).

In 12 U.S.C. § 1441a(*l*), Congress has expressly authorized RTC to remove an action, if it is a party in the state court proceeding. Section 1441a(*l*) provides in pertinent part as follows:

(1) In general

Notwithstanding any other provision of law, any civil action, suit, or proceeding *to which the [RTC] is a party* shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction over such action, suit, or proceeding.

. . . .

(3) Removal and remand

The [RTC] may, without bond or security, remove *any such action,* suit, or proceeding. . . . *The removal of any action, suit, or proceeding shall be instituted—*

    *(A) not later than 90 days after the date the [RTC] is substituted as a party, or*

    (B) not later than 30 days after the date suit is filed against the [RTC], if such suit is filed after August 9, 1989.

The [RTC] may appeal any order of remand entered by a United States district court.

12 U.S.C. § 1441a(*l*) (Supp.1991) (emphasis added).

The express language of this statute authorizes federal court jurisdiction only where RTC is a party to the litigation it seeks to remove. RTC also relies on 12 U.S.C. § 1819(b)(2)(B)[1], the specific removal statute for the Federal Deposit Insurance Corporation (FDIC), and 28 U.S.C. § 1441(a)[2], the general removal statute, as

---

**1.** Title 12 U.S.C. § 1819(b)(2) provides:

    **(2) Federal court jurisdiction**

    **(A) In general**

        Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity *to which the [FDIC], in any capacity, is a party* shall be deemed to arise under the laws of the United States.

    **(B) Removal**

        Except as provided in subparagraph (D), the [FDIC] may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court.

12 U.S.C. § 1819(b)(2)(A), (B) (1989) (emphasis added).

**2.** Title 28 U.S.C. § 1441(a) provides:

    Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant or the defendants,* to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (Supp.1991) (emphasis added).

authority for removal of this case. These statutes also provide that only a party may remove a state court action to a district court.

As noted above, RTC was not a party in the state court action at the time it filed the notice of removal. It was not named as a party in the original complaint. The complaint was never amended to include RTC as a named party. RTC did not intervene in the state court action.

Several courts have allowed FDIC and FSLIC to remove actions in which they were not named parties, without requiring formal substitution or joinder, where FDIC and FSLIC were successors in interest to a failed financial institution that was a named party in the state court action. In some of these cases, the party opposing removal challenged federal court jurisdiction on the ground that FDIC or FSLIC was not a named party in the action. In these cases, the courts concluded that FDIC or FSLIC were substituted as a party as a matter of law. *See, e.g., Bank of Oklahoma, N.A. v. Islands Marina Ltd.*, 918 F.2d 1476, 1479 (10th Cir.1990) (where FSLIC acted as a receiver for a failed bank that was named as a party, the court determined that "FSLIC was a party contemplated under 12 U.S.C. § 1730(k)(1)(B)"); *Structural Systems, Inc. v. Sulfaro*, 687 F.Supp. 22, 23 (D.Mass.1988) (where FDIC acts as a receiver for a failed financial institution that is named as a party, the court recognizes that "formal intervention or substitution of the FDIC prior to the petition for removal . . . is not necessary to support jurisdiction under 12 U.S.C. § 1819(4)").

In *Towns Real Estate & Appraisal Servs., Inc. v. Resolution Trust Corp.*, 753 F.Supp. 914 (N.D.Ala.1991), the court interpreted the words "shall be substituted" in 12 U.S.C. 1441a(*l*)(2) as providing for the substitution of RTC in any civil action, by operation of law, on the date it is appointed as the receiver of a failed thrift institution that is a named party. *Id.* at 916.[3] The court stated:

> This language is mandatory. It does not give RTC or the state court any discretion in the matter. Therefore, "substitution" does not depend upon any action being taken by RTC or by the state court. The obtaining of a formal order of substitution in the state proceeding is a redundancy, albeit a permissible one. RTC could shortcut any such procedure and simply file its notice of removal directly in the federal court, reciting the pertinent facts.

*Id.*

In other cases, the courts have not directly addressed the issue whether subject matter jurisdiction is defeated because FDIC or FSLIC was not substituted as a party in the state court action before seeking removal. These courts, however, have treated FDIC and FSLIC as parties for removal purposes. *See, e.g., Heafitz v. Interfirst Bank of Dallas*, 711 F.Supp. 92, 94 (S.D.N.Y.1989) ("Section 1819 also authorizes the FDIC to remove any action to which it is a party when it is serving in its capacity as receiver for a national bank."); *Vernon Sav. & Loan Ass'n v. Commerce Sav. & Loan Ass'n*, 677 F.Supp. 495, 497 (N.D.Tex.1988) (where FSLIC acts as a receiver for a failed thrift which is a named party in a state court action, it has the power to remove a pending state appeal absent "compelling authority to the contrary").

In other cases involving FDIC as the successor in interest to a failed financial institution which is a named party in a state court action, the courts have focused on additional factors in determining that FDIC is a party within the meaning of the removal statute, notwithstanding the fact that FDIC was not formally substituted as

---

**3.** Section 1441a(*l*)(2) provides as follows:

**(2) Corporation [RTC] as party**

*The [RTC] shall be substituted as a party in any civil action, suit, or proceeding to which its predecessor in interest was a party* with respect to institutions which are subject to the management agreement dated February 7, 1989, among the Federal Savings and Loan Insurance Corporation, the Federal Home Loan Bank Board and the Federal Deposit Insurance Corporation.

12 U.S.C. § 1441a(*l*)(2) (Supp.1991) (emphasis added).

a party. *See, e.g., Farina v. Mission Inv. Trust,* 615 F.2d 1068, 1075 (5th Cir.1980) (where the plaintiff served its petition for an injunction on FDIC as the real party in interest, did not object to FDIC's removal or to FDIC's assertion that it was a party in the action, and treated FDIC as a proper party by filing answers to its motions, the court held that "subject matter jurisdiction is clearly conferred upon the court by 12 U.S.C. 1819(4)"); *Yankee Bank v. Hanover Square Assocs., Inc.,* 693 F.Supp. 1400, 1403 (N.D.N.Y.1988) (in determining that FDIC was a party within section 1819, the district court noted that a motion for substitution had been filed in the state court before removal).

The common factor in each of the cases cited above is that FDIC or FSLIC was the successor in interest to a failed financial institution which was a named party to the state court action. RTC is not the successor in interest to a named party in the instant matter.

While acknowledging that the cases it relies upon involve substitution of FDIC or FSLIC for a named party, RTC argues that there is no reason to distinguish those cases from the present case "in recognizing RTC's rights to remove a case prior to formally becoming a party". RTC's Supplemental Brief at 5. To support this argument, RTC points to the fact that the courts have used the terms "intervention" and "substitution" interchangeably. *See, e.g., Yankee Bank,* 693 F.Supp. at 1409–10 (court noted that "FDIC has not formally been *substituted* in as a party to this action," but later held that "this court will, in its discretion, consider the removal petition as a motion to *intervene*") (emphasis added); *Structural Systems,* 687 F.Supp. at 23 ("While formal *intervention or substitution* of the FDIC prior to the petition for removal is desirable, it is not necessary to support jurisdiction under 12 U.S.C. § 1819(4).") (emphasis added). These cases do not support RTC's argument, however, because in each matter FDIC was the successor in interest for a named party, and not a stranger to the action.

RTC cites *Addison Airport of Texas, Inc. v. Eagle Inv. Co.,* 691 F.Supp. 1022 (N.D.Tex.1988), in support of its argument that "[f]ederal courts have repeatedly stated that a federal receiver may intervene and concurrently seek removal." RTC's Opening Brief at 31. RTC has misstated or misunderstood the holding in *Addison. Addison* did not involve the simultaneous filing of a petition for removal and a motion for intervention. In *Addison,* FSLIC intervened in state court, after it was appointed as receiver for a thrift association that was not a party to the action, and filed a petition of removal on the same date. *Id.* at 1023.

The plaintiff in *Addison* contended that the petition for removal was untimely because FSLIC failed to remove the action "prior to the date it formally intervene[d], when the failed thrift [was] not a party to the action on the date the FSLIC [was] appointed receiver." *Id.* at 1024.

The court held in *Addison* that "when the FSLIC is appointed receiver for an institution that is not a party to a particular case, the FSLIC removal clock does not begin to tick until the FSLIC intervenes." *Id.* at 1025. Fatal to RTC's argument in this matter is the district court's holding in *Addison* that "[t]he action thus was not removable until the FSLIC formally intervened. When the FSLIC did intervene it became obligated to remove the action within 30 days, and it timely did so." *Id.* at 1026–27. Thus, contrary to RTC's representation to this court, *Addison* stands for the proposition that "FSLIC has no right to remove an action to which neither it, nor the failed thrift, is a party." *Id.* at 1025 (citations omitted). It does not support the notion that a petition for removal and a motion for intervention may be filed simultaneously in a federal district court by a non-party to the state action.

RTC's argument that concurrent intervention and removal should be allowed in the federal courts in order to promote judicial efficiency ignores the principle that a federal court's jurisdiction is limited to Congressional authorization. RTC contends that "a remand based on lack of subject matter jurisdiction followed by intervention in the state court would result in the case having to be removed a second

time, revisiting the path it has taken since April 5." RTC's Supplemental Brief at 3. The needless waste of the resources of the district court and this court in this matter results solely from the failure by counsel for RTC to follow the law restricting the right of removal to a party to an action.

## III.

## CONCLUSION

The district court erred in concluding that it had the jurisdiction to determine whether the notice of removal was untimely filed. The district court had no removal jurisdiction over this matter because RTC was not a party to the state court proceedings. Nor was its predecessor in interest, New Lincoln, a party in the state court action. None of the cases relied upon by RTC suggest that a district court has removal jurisdiction over a case in which RTC is not a party, or the successor in interest to a financial institution that is a party, in the state court proceedings. Accordingly, we conclude that the district court did not have subject matter jurisdiction over this matter.

AFFIRMED.