**HIDDEN PONDS PHASE IV DE-VELOPMENT ASSOCIATES, a partnership, Plaintiffs,**

v.

**Stanley GROSSMAN, et al., Defendants.**

No. CV 92–2492.

United States District Court, E.D. New York.

April 12, 1993.

Meltzer, Lippe, Goldstein, Wolf, Schlissel and Sazer, P.C. by Richard Gabriel, Mineola, NY, for plaintiffs.

Cahn, Wishod, Wishod & Lamb, Melville, NY, for defendants.

Berkman, Henoch, Peterson & Peddy by Thomas E. Stagg, Garden City, NY, for Resolution Trust Corp.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

The above-referenced action was initially commenced in New York State Supreme Court. Hidden Ponds (the "plaintiff") brought this action against the Whitestone Federal Savings and Loan Association and the Nassau Federal Savings and Loan Association (the "defendants"). Subsequently, the Office of Thrift Supervision (the "OTS") appointed the Resolution Trust Corporation (the "RTC") as receiver for both defendants. Thereafter, the RTC moved in state court to have itself substituted as a party and for summary judgment. The state court granted the RTC's motion for substitution and denied the summary judgment motion. The RTC then removed this action to federal court. Presently before the Court is plaintiff's motion to remand this case to state court. For the reasons stated below, plaintiff's motion to remand is granted.

### I. BACKGROUND

Plaintiff commenced this action in July 1990. On November 16, 1990 the OTS appointed the RTC receiver for both defendants. On December 31, 1990, the RTC moved for both substitution and summary judgment. In its motion, the RTC informed the state court of its appointment as receiver for defendants. On February 18, 1992 the state court granted the RTC's motion for substitution and denied the motion for summary judgment with respect to all but plaintiff's fourth and fifth causes of action. On April 28, 1992, a notice of settlement of the above motions was served in the state court.

On May 27, 1992, the RTC removed the case from state court pursuant to 12 U.S.C. § 1441a(1). This statute was amended effective February 1, 1992, during the pendency of the state court action. On May 27, 1992, the date the RTC removed the case, the amended removal statute provided as follows:

> The removal of any such suit or proceeding shall be instituted not later than 90 days after the date the Corporation is substituted as a party.... The Corporation shall be deemed substituted in any action, suit or proceeding for a party upon the filing of a copy of the order appointing the Corporation as a conservator or receiver for that party or the filing of such other pleading informing the Court that the Corporation has been appointed conservator or receiver for such party.

12 U.S.C. § 1441a($l$)(3).

Prior to February 1, 1992, 12 U.S.C. § 1441a($l$)(3) read as follows:

> The RTC shall be substituted as a party in any civil action ... to which its predecessor in interest was a party.... The removal of any such action ... shall be instituted—not later than 90 days after the date [RTC] is substituted as a party....

Unlike the amended statute, the predecessor statute, which was in effect when this action was originally commenced in state court, does not indicate when the RTC should be deemed substituted. Because of this ambiguity, it is difficult to determine when the 90 day period begins to run.

### II. DISCUSSION

Both parties in this action would have this Court decide whether the amended or unamended removal provision applies to this

case. This issue need not be reached, however, because regardless of which provision applies, the case must be remanded. If the amended statute applies, the case must be remanded because the RTC did not remove the case within ninety days of informing the state court of its appointment as receiver for defendants. If the unamended statute applies, the case must also be remanded because the RTC did not remove the case within ninety days of its appointment as receiver.

## A. The Amended Statute

■ The RTC's December 31, 1990, motion for substitution informed the state court that the RTC was appointed receiver. By the terms of the amended statute, the RTC has ninety days to remove after filing "such other pleading informing the Court that the Corporation has been appointed ... receiver...." 12 U.S.C. § 1441a(*l*)(3). Because the RTC failed to remove within ninety days after making its substitution motion, this case must be remanded.

The RTC argues that the motion it filed in state court seeking substitution was not a pleading and thus did not trigger the ninety days limitations period. Technically speaking, the RTC is correct. The word pleading is usually defined to mean a complaint, answer, or reply. See Fed.R.Civ.P. 7(a); Black's Law Dictionary 1037 (5th ed. 1979). Thus, motions are not ordinarily considered pleadings. The issue of whether a motion for substitution triggers the ninety day period under the amended statute appears to be one of first impression. Because there is no authority construing the statute, this Court must undertake its own effort to discover the statute's meaning. See Tello v. McMahon, 677 F.Supp. 1436 (E.D.Cal.1988).

■ It is axiomatic that in any exercise of statutory construction, a court's foremost duty is to give effect to the legislature's intent. The language of the amended statute itself makes clear that Congress did not intend the narrow meaning of the word "pleading" to be applied. Under the terms of the amended statute, the filing of the order appointing the RTC receiver or *such other pleading* informing the court that the RTC has been appointed receiver, triggers the ninety day period. 12 U.S.C. § 1441a(*l*)(3) (emphasis added). Thus, Congress included the order appointing the RTC as receiver within the term pleading. As noted above, the technical definition of pleading does not include such an order. It is evident therefore, that Congress was not using the word pleading in its strict sense.

Moreover, this Court can discern no rational reason to draw a distinction between a pleading informing the state court that the RTC was appointed receiver and a motion for substitution based on the RTC's appointment as receiver. Both filings have the effect of alerting the state court that the RTC has been appointed receiver. As such, both should trigger the ninety day limitations period. Thus, common sense dictates that this Court not construe the word pleading in its most narrow and hyper-technical sense. See First United Methodist Church v. United States Gypsum Co., 882 F.2d 862 (4th Cir. 1989) (Most fundamental guide to statutory construction is common sense). Thus, under the amended statute, because the RTC did not remove this case within ninety days after filing its substitution motion informing the state court that it was appointed receiver, this case must be remanded.

## B. The Unamended Statute

■ Even if the unamended statute applies, this case still must be remanded to state court. The unamended statute provides that the RTC must remove the case within ninety days after it is substituted as a party in the state action. The provision is silent, however, with respect to when substitution should be deemed to occur for the purpose of triggering the ninety day limitations period. The RTC argues that the ninety day period should not begin to run until it is formally substituted in the state court action. Plaintiffs argue that the ninety day period should begin to run from the day the RTC is appointed receiver.

Although there is no relevant authority in this circuit clarifying this point, other courts have decided the issue. Most courts that have faced the issue have determined that the ninety day period begins to run from the day the RTC is appointed receiver. See Montalvo Santiago v. Resolution Trust Corp., 779 F.Supp. 632, 633–34 (D.P.R.1991);

*Towns Real Estate & Appraisal v. Resolution Trust Corp.*, 753 F.Supp. 914 (N.D.Ala. 1991). *Cf. Woburn Five Cents Sav. Bank v. Hicks Inc.*, 930 F.2d 965 (1st Cir.1991) (holding that the limitation period for the FDIC to remove begins to run when the FDIC is appointed receiver).

According to these courts, to hold otherwise would be to give the RTC unfettered control over when a pending case can be removed. The removal statute vests no discretion in the state courts with respect to substituting the RTC. Rather, a state court must substitute the RTC as a party. *See Montalvo Santiago v. Resolution Trust Corp.*, 779 F.Supp. 632, 633 (D.P.R.1991). Thus, if the RTC must be formally substituted before the ninety day limitations period is triggered, the RTC can simply take a wait and see attitude in state court. It can delay moving for formal substitution and yet still control the litigation in state court. If its case sours in state court, the RTC could then move for formal substitution and remove to federal court. Such a result is untenable. It makes a nullity of the ninety day limitations period. This Court therefore holds that the ninety day period begins to run when the RTC is appointed receiver [1].

In this case the RTC was appointed receiver on November 16, 1990. It removed the case to federal court on May 27, 1992. Because the RTC failed to remove the case within 90 days of its appointment as receiver, this case must be remanded to state court under the unamended removal provision [2].

### III. CONCLUSION

For the above-stated reasons, this case is hereby remanded to state court.

SO ORDERED.

---

**1.** The RTC cites to only one case that has ruled to the contrary. In *Resolution Trust Corp. v. Key*, 733 F.Supp. 1086, 1090 (N.D.Tex.1990), the court, without any discussion or analysis, found that the ninety day period begins to run only after the RTC is formally substituted. Because the *Key* court offered no justification for its decision, this Court declines to follow it.

**2.** Plaintiff also contends that the case must be remanded because the RTC waived its right to remove by moving for summary judgment in state court and that failure to remand this case would waste judicial resources. Because this Court finds that the RTC did not timely remove, there is no need to reach these arguments.