

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-1994

# Spring Garden Associates, L.P. v. Resolution Trust Corp.

Precedential or Non-Precedential:

Docket 93-1323

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation

"Spring Garden Associates, L.P. v. Resolution Trust Corp." (1994). *1994 Decisions.* Paper 37.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/37

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


NO. 93-1323


SPRING GARDEN ASSOCIATES, L.P.,

Appellant

v.

RESOLUTION TRUST CORPORATION, IN ITS CAPACITY AS RECEIVER
OF BELL FEDERAL SAVINGS BANK, PA S.A.;
JAY M. GROSS; NATHANIEL D. GROSS; GARY L. WILSON



On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 93-00205)



Argued February 28, 1994


BEFORE: STAPLETON and SCIRICA, Circuit Judges, and
SMITH, District Judge*

(Opinion Filed   June 6, 1994    )





* Honorable D. Brooks Smith, United States District Judge for the
  Western District of Pennsylvania, sitting by designation.




1

Francis X. Clark (Argued)
John H. Kiefel
SILVERMAN, CLARK & VAN GALEN, P.C.
2000 Valley Forge Circle
Suite 109 West
King of Prussia, PA 19406
Attorneys for Appellant


P. Matthew Sutko (Argued)
Sheila Kraft Budoff
801 17th St., N.W.
Washington, D.C. 20434-0001

Cynthia Nimerichter
Northeast Consolidated Office
P.O. Box 1500
Valley Forge, PA 19482-1500

Bruce S. Haines
COHEN, SHAPIRO, POLISHER,
SHIEKMAN AND COHEN
2200 PFSF Building
12 S. 12th Street
Philadelphia, PA 19107

Attorneys for THE RESOLUTION
TRUST CORPORATION in its
capacity as Receiver of BELL
FEDERAL SAVINGS BANK, PA S.A.

OPINION OF THE COURT


STAPLETON, Circuit Judge:

The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") authorizes the Resolution Trust Corporation ("RTC") to remove certain actions from state court to federal court:

> The Corporation, in any capacity and without bond or security, may remove any action, suit, or proceeding from a State court to the United States district court with jurisdiction over the place where the action, suit, or proceeding is pending, to the United States district court for the District of Columbia, or to the United States district court with jurisdiction over the principal place of business of any institution for which the Corporation has been appointed conservator or receiver if the action, suit, or proceeding is brought against the institution or the Corporation as conservator or receiver of such institution. The removal of any such suit or proceeding shall be instituted--
>
>> (i) not later than 90 days after the date the Corporation is substituted as a party, or
>>
>> (ii) not later than 30 days after service on the Corporation, if the Corporation is named as a party in any capacity and if such suit is filed after August 9, 1989.

12 U.S.C. § 1441a(l)(3)(A). This case requires us to review a district court's application of FIRREA's RTC removal provision to an action by a borrower against a savings bank (now under RTC receivership) and its directors. We find the district court's result correct and will affirm.

## I.

Spring Garden Associates ("Spring Garden") filed this suit in the Montgomery County Court of Common Pleas against Bell Saving Bank ("Bell") and its directors, following a dispute over a $9 million loan from Bell to Spring Garden. The five-count complaint sought preliminary and permanent injunctive relief

3

prohibiting Bell from foreclosing on the loan, specific performance of the loan agreement, and damages for Bell's alleged failure to extend credit under that agreement.[0]  The court of common pleas entered a "Temporary Restraining Order"[0] against all of the defendants.

In March 1991, the Treasury Department's Office of Thrift Supervision appointed the RTC conservator and, later, receiver of Bell.  On January 12, 1993, the RTC filed a petition for substitution with the court of common pleas.  This petition was followed on January 14, 1993, by removal of the case to the district court pursuant to 12 U.S.C. § 1441a(l)(3).  The RTC then filed a motion in district court to vacate the state court injunction, arguing that 12 U.S.C. § 1821(j) expressly prohibited injunctions against the RTC.

Before the district court ruled on the RTC's motion, Spring Garden filed a motion to remand to state court.  Spring Garden argued that the RTC had failed to file its notice of removal within the time limit provided by 12 U.S.C. § 1441a(l)(3).  Spring Garden further urged that 12 U.S.C.

---

[0]Count I alleged breach of contract by Bell. Count II requested preliminary and permanent injunctive relief against Bell to prohibit foreclosure on the loan. Count III alleged intentional or negligent misrepresentation by Bell and its directors. Count IV alleged breach of fiduciary duty by Bell. Count V contained a promissory estoppel claim against Bell and its directors.

[0]The order entered by the court of common pleas is more properly termed a preliminary injunction than a temporary restraining order. It was issued upon notice to all parties, following a hearing, and was, by its terms, to be in effect for an indefinite period.

4

§ 1441a(l)(1), the statute conferring original jurisdiction on the district courts in RTC cases,[0] did not confer federal jurisdiction over its claims against Bell's directors and, accordingly, that the case had been improperly removed.

The district court denied Spring Garden's motion to remand and granted the RTC's motion to vacate the injunction. The dissolution of the state court injunction was based on 12 U.S.C. § 1821(j), which substantially restricts the authority of a court to enter an injunction against the RTC.[0] Spring Garden now appeals.

## II.

We begin by inquiring whether our appellate jurisdiction extends to a review of the district court's order dissolving the state court's injunction. Under 28 U.S.C. § 1292(a)(1), this court has jurisdiction to review orders of district courts "dissolving injunctions." Spring Garden has

---

[0]12 U.S.C. § 1441a(l)(1) provides:

> Notwithstanding any other provision of law, any civil action, suit, or proceeding to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction over such action, suit, or proceeding.

[0]12 U.S.C. § 1821(j) provides:

> Except as provided in this section, no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of the Corporation as a conservator or a receiver.

5

challenged the portion of the order vacating the injunction, and 28 U.S.C. § 1292(a)(1) thus gives us appellate jurisdiction to review that portion of the district court's order, even though that order is not final.

As for the district court's denial of a remand, neither 28 U.S.C. §§ 1291 nor 28 U.S.C. § 1292 expressly confers jurisdiction on this court to review orders denying a remand to a state court. See Aberle Hosiery Co. v. American Arbitration Ass'n, 461 F.2d 1005, 1006 (3d Cir. 1972); Albright v. R. J. Reynolds Tobacco Co., 531 F.2d 132, 134 (3d Cir.), cert. denied, 426 U.S. 907 (1976). In this case, nevertheless, we can review the denial of a remand because that portion of the district court's order is "closely intertwined" with the portion of that order dissolving the injunction. Ortiz v. Eichler, 794 F.2d 889, 892 (3d Cir. 1986). We therefore conclude we have appellate jurisdiction to review both portions of the district court's order.

In so concluding, we reject the RTC's contention that 28 U.S.C. § 1447(d) bars review of the order denying remand. While § 1447(d) precludes an appeal of an order granting remand, that statute does not prohibit appellate review of orders denying remand. See Aliota v. Graham, 984 F.2d 1350, 1353 (3d Cir.), cert. denied, 114 S. Ct. 68 (1993) (28 U.S.C. § 1447(d) only concerns appellate review of "[a]n order remanding a case to the State court from which it was removed"); see also Doe v. American Red Cross, 14 F.3d 196, 199 (3d Cir. 1993) ("It is axiomatic that

6

remanding a case to state court terminates the jurisdiction of a . . . district court over that case.").

                                III.

        We next look to whether the district court had jurisdiction to enter its order. See Employers Insurance of Wausau v. Crown Cork & Seal Co. Inc., 905 F.2d 42, 45 (3d Cir. 1990) ("every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review").

        Section 1441a(l)(3) authorizes the RTC to remove any "action, suit or proceeding from a state court to" a United States district court "with jurisdiction over" designated places. Section 1441a(l)(1) confers original jurisdiction on United States district courts to hear cases involving the RTC:

        Notwithstanding any other provision of law, any civil action, suit, or proceeding to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction over such action, suit or proceeding.

        Both Spring Garden and the RTC accept the proposition that § 1441a(l)(3) authorizes the RTC to remove cases over which the district court would have original jurisdiction under § 1441a(l)(1). They then part ways. The RTC insists that § 1441a(l)(1) confers original federal jurisdiction over all the claims asserted in Spring Garden's state court action. Spring Garden, on the other hand, argues that this section confers original federal jurisdiction only over the claims against Bell and not over its claims against Bell's directors.

We confess that we have some difficulty understanding Spring Garden's legal analysis of the removal jurisdiction issue. Spring Garden contends in its brief that (1) 12 U.S.C. § 1441a(l)(1) "only states that federal question jurisdiction is applicable to any claim to which the RTC is a party," (Brief, p. 12) (emphasis added); (2) under the general removal statute, 28 U.S.C. § 1441, district courts can exercise jurisdiction over pendent claims as well as federal question claims, but "the district court could not invoke pendant jurisdiction over Spring Garden's action against the officers of Bell" who would be impermissible pendant parties (Brief, p. 18); (3) the only situation in which a suit including both removable claims and non-removable claims can be removed to a district court is the one described in subsection (c) of the general removal statute, 28 U.S.C. § 1441(c)[0], and, under that subsection, removal can occur only if the removable claim is "separate and independent" of the non-removable claims; and (5) since Spring Garden's claim against Bell is not "separate and independent" of its claims against the officers of Bell, there was no authority to remove any of the claims asserted in the state court and the district

---

[0] 28 U.S.C. § 1441(c) provides:

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

court had no removal jurisdiction. (Brief, pp. 18-20.) We have a number of difficulties with Spring Garden's analysis, but it will suffice for present purposes to indicate that we find its first step fatally flawed.

The proper starting point of our inquiry is, of course, the language of 28 U.S.C. § 1441a(l)(1) itself. See Smith v. Fidelity Consumer Discount Co., 898 F.2d 907, 909-10 (3d Cir. 1990) ("'[t]here is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes.'") Section 1441a(l)(1) does not confer original federal jurisdiction over "any claim" asserted by or against the RTC, as Spring Garden insists. Rather, it confers original federal jurisdiction over "any action, suit or proceeding to which the [RTC] is a party." We believe the commonly understood meaning of the wording of that phrase encompasses the entirety of any case to which the RTC is a party and not just those claims in such a case brought by or against the RTC.

Cases from two other Courts of Appeal agree with our common parlance reading of § 1441a(l)(1). In People of State of Cal. By and Through Lungren v. Keating, 986 F.2d 346 (9th Cir. 1993), the Court of Appeals for the Ninth Circuit held that, notwithstanding the fact that the general removal statute would not have permitted any of the claims in the complaint to be removed to federal court, the addition of the RTC as a party "transforms the entire action into one that 'arises under' the laws of the United States." Id. at 347-48. The court determined

that "[t]he words 'action, suit, or proceeding' are not limited to specific claims, but are synonymous with the term 'case' in the constitutional sense." Id. at 348.

In Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Assocs., Inc., 4 F.3d 614 (8th Cir. 1993), the Court of Appeals for the Eighth Circuit agreed with the Keating court's interpretation of § 1441a(l)(1). The court was there required to address whether a state court had violated the Constitution's Supremacy Clause by severing the case before it in order to preclude the RTC from removing the entire case. Id. at 618. The court of appeals held that because "the RTC had the right to remove 'the entire case' to federal court," id. (citing Keating, 986 F.2d at 348-49), the state court's actions had run afoul of the Supremacy Clause, id. at 619.[0]

Further support of our reading of § 1441a(1)(1) is provided by cases that have addressed the similar language[0] of 12 U.S.C. § 1819(b)(2)(A), which provides:

. . . all suits of a civil nature at common law or in equity to which the [FDIC], in any

---

[0]While the issue raised here by Spring Garden has never before been argued to this court, we have expressed views in passing similar to those of the Courts of Appeals for the Ninth and Eighth Circuits. In Adams v. Madison Realty & Dev., Inc., 937 F.2d 845, 855 (3d Cir. 1991), we stated: "Under 12 U.S.C. § 1441a(l)(1), any civil action in which the RTC is a party is deemed to arise under federal law." And in Resolution Trust Corp. v. Nernberg, 3 F.3d 62, 68 n.3 (3d Cir. 1993), we remarked on the broad scope of 28 U.S.C. § 1441a(l)(1): "The language of the statute thus allows Resolution Trust to remove routine collection and foreclosure cases to the already overburdened federal courts."
[0]See Resolution Trust Corp. v. Nernberg, 3 F.3d 62, 66 n.2 (3d Cir. 1993) (noting "close parallel" between enabling statutes of RTC and FDIC).

> capacity, is a party shall be deemed to arise under the laws of the United States.

In National Union Fire Ins. Co. of Pittsburgh v. Baker & McKenzie, 997 F.2d 305 (7th Cir. 1993), an insurer, seeking a declaration that it was not liable under a malpractice policy, sued three lawyers whom it had insured, their law firm, and the FDIC, which was now a receiver for one of their former clients. The court noted that the FDIC's "presence as a party conferred federal jurisdiction over the suit" pursuant to § 1819(b)(2)(A). Also helpful is Walker v. F.D.I.C., 970 F.2d 114 (5th Cir. 1992), in which developers sued a savings and loan and its directors in state court after the savings and loan failed to provide a loan. After the savings and loan became insolvent, the FSLIC was appointed receiver and added as a party to the lawsuit. The FDIC was later substituted for the FSLIC and the action was removed to federal court under § 1819(b)(2)(A). The court approved of the removal, noting that "where the FDIC is a party, federal question jurisdiction exists and removal by the FDIC is proper." Id. at 118. The court also noted that settlement of the developers' claims against the FDIC did not oust the federal court of jurisdiction to consider the developers' claims against the directors. Id. at 119.[0]

_____

[0]See also Buckner v. F.D.I.C., 981 F.2d 816, 819 (5th Cir. 1993) ("as the FDIC is a party to a civil suit, that suit is conclusively presumed to arise under the laws of the United States, and thus is within the original subject matter jurisdiction of the proper federal district court"); Matter of Meyerland Co., 960 F.2d 512, 515 (5th Cir. 1992) (in banc), cert. denied, 113 S. Ct. 967 (1993) ("Access to federal courts in all actions to which it is a party allows the FDIC to develop and rely on a national and uniform body of law . . ."); cf. American

Further and finally, we find support for our reading of the relevant statute in the Supreme Court's decision in <u>Finley v. United States</u>, 490 U.S. 545 (1989). The court there examined 28 U.S.C. § 1346(b), the jurisdictional provision of the Federal Tort Claims Act ("FTCA"). In interpreting the reach of the FTCA to include only claims against the United States and not any suit in which such a claim is asserted, the court wrote:

> The FTCA, § 1346(b), confers jurisdiction over "civil actions on claims against the United States." It does not say "civil actions on claims that include requested relief against the United States," nor "civil actions in which there is a claim against the United States" -- formulations one might expect if the presence of a claim against the United States constituted merely a minimum jurisdictional requirement, rather than a definition of the permissible scope of the FTCA actions. Just as the statutory provision "between . . . citizens of different States" has been held to mean citizens of different states and no one else, . . . so also here we conclude that "against the United States" means against the United States and no one else.

<u>Id.</u> at 552.

---

National Red Cross v. S.G., __ U.S. __, 112 S.Ct. 2465 (1992) (holding "sue and be sued" provision of Red Cross charter to confer original federal jurisdiction over all cases to which Red Cross is a party and finding such jurisdictional grants to be well within Article III limits); <u>Kirkbride v. Continental Casualty Co.</u>, 933 F.2d 729, 731-32 (9th Cir. 1991) ("the grant of subject matter jurisdiction contained in [the] FDIC's removal statute evidences Congress' desire that cases involving [the] FDIC should generally be heard and decided by the federal courts").

The statutory language of § 1441a(l)(1) differs from that of § 1346(b) in much the same way as the hypothetical statutory text in the Finley court's analysis differs from § 1346(b) -- "civil actions, suits, or proceedings to which the Corporation is a party" is very close to "civil actions in which there is a claim against the United States."  The common usage reading of § 1346(b) in Finley thus supports the conclusion that the language Congress chose in § 1441a(l)(1) evidences an intent to confer original jurisdiction on the federal courts over the entire case to which the RTC has become a party.

As Spring Garden apparently concedes, if 12 U.S.C. § 1441a(l)(1) does in fact provide federal jurisdiction over all the claims contained in a case, as we believe it does, there is no need to inquire as to pendent jurisdiction or pendant parties.  Accordingly, we hold that 12 U.S.C. §§ 1441a(l)(1) and (3) authorized removal of the entire case.


IV.

Under 12 U.S.C. § 1441a(l)(3)(A)(i), the RTC may remove a suit from a state court to a federal court "not later than 90 days after the date [it] is substituted for a party."  "Substitution" is defined for this purpose as the time when either: (1) the RTC or another party files a copy of the order appointing the RTC as conservator or receiver with the court in which the suit is pending, or (2) the RTC or another party files another pleading with the court in which the suit is pending informing the court that the RTC has been appointed.  12 U.S.C.

13

§ 1441a(l)(3)(B). See Resolution Trust Corp. v. Bakker, 801 F. Supp. 706, 707 (S.D. Fla. 1992) (pursuant to amended version of § 1441a(l)(3)(B), substitution occurred when RTC filed notice of substitution, not when it was appointed receiver).

On January 12, 1993, the RTC filed a notice of substitution with the state court. Two days later, on January 14, 1993, the RTC removed the case to the district court. We therefore conclude that the RTC removed the action in a timely fashion under 12 U.S.C. §§ 1441a(l)(3)(A) and (B). Since Spring Garden does not challenge before us the district court's conclusion that the state court's injunction was inconsistent with the provisions of 12 U.S.C. § 1821(j), it follows that the order appealed from must be sustained in all respects.

V.

The RTC's removal was timely and the district court properly exercised jurisdiction over all claims against all parties to this suit pursuant to 12 U.S.C. §§ 1441a(l)(1) and (3). We therefore will affirm the district court's order of March 16, 1993.