**RESOLUTION TRUST CORPORATION as Liquidating Agent for and Receiver of Sentry Federal Savings Bank, Plaintiff,**

v.

**Stephen G. HARRISON, David L. Kenney and Mark L. Eaton, Individually and as Trustees of HBK Realty Trust, and Karen L. Miller, Defendants,**

**and**

**B.E.K. Builders, Inc., Reach and Apply Defendant,**

**and**

**Plymouth Savings Bank and Cape Cod Bank & Trust Company, Trustees.**

Civ. A. No. 92–11012–JLT.

United States District Court, D. Massachusetts.

Aug. 15, 1994.

---

Linda M. Grasso, William J. Gustus, Tedeschi, Grasso & Mortensen, Boston, MA, for plaintiff.

Michael J. Murphy, O'Malley & Pizzuti, Hyannis, MA, for Mark L. Eaton, Karen L. Miller.

## MEMORANDUM

TAURO, Chief Judge.

### I.

### Background

On April 2, 1990, Sentry Federal Savings Bank initiated this action in Plymouth County Superior Court to recover $724,000.00 due on a promissory note, plus interest, costs, and attorneys' fees. The note was executed and delivered by defendant HBK Realty Trust and its trustees, defendants Stephen B. Harrison, Mark L. Eaton and David L. Kenney.[1]

---

1. These defendants are sued both individually and as Trustees of the HBK Realty Trust. Defendants Harrison and Kenney have since been defaulted.

In addition to the aforementioned defendants, in an effort to void the conveyance of an interest in real property from Eaton to Karen L. Miller, the complaint also names Miller as a defendant.

On July 26, 1991, Sentry was declared insolvent and the Resolution Trust Corporation ("RTC") was appointed liquidating agent and sole receiver. Over eight months later, on April 2, 1992, the RTC filed a motion in the Massachusetts Superior Court to substitute itself as the party plaintiff in interest. On April 30, 1992, over two years after the initial filing of the case and on the eve of a trial, the RTC removed the case to this court.

Presently before the court is defendants Eaton and Miller's motion to remand the case to the Massachusetts Superior Court.

## II.

### *Analysis*

■ Defendants seek to remand the case on the theory that it was untimely removed. As noted above, the case was removed nine months after the RTC was appointed as receiver, but only twenty-eight days after the RTC formally intervened in the case.

Removal in this case is governed by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1441a. The FIRREA provision which addresses the RTC's ability to remove actions was amended effective February 1, 1992. The parties dispute whether the amended or pre-amended versions of the statute should apply in this case.

Before being amended, FIRREA provided that:

> The [RTC] ... may remove any action, suit, or proceeding from a State court to the United States district court with jurisdiction over the place where the action, suit, or proceeding is pending ... not later than 90 days after the date the Corporation is *substituted* as a party.

12 U.S.C. § 1441a(*l*)(3)(A) (emphasis added).

Courts differed on what was meant by the word "substituted." Several courts held that—for the purposes of triggering the ninety day time period—"substituted" meant "appointed as receiver" rather than formal substitution or intervention in the case. *See Jackson v. American Sav. Mortgage Corp.*, 924 F.2d 195, 198 (11th Cir.1991); *Hidden Ponds Phase IV Development Associates v.*

*Grossman*, 818 F.Supp. 45, 47–48 (E.D.N.Y. 1993); *RTC v. Eugenio*, 790 F.Supp. 686, 689–90 (N.D.Tex.1991); *Montalvo Santiago v. RTC*, 779 F.Supp. 632, 633–34 (D.P.R. 1991); *Towns Real Estate & Appraisal Servs., Inc. v. RTC*, 753 F.Supp. 914 (N.D.Al. 1991). Other courts held that the term "substituted" was limited to when the RTC was formally "substituted *in the case." See RTC v. Key*, 733 F.Supp. 1086 (N.D.Tex.1990).

In February 1992, before a clear consensus on the issue had emerged, § 1441a(*l*)(3) was amended to provide an explicit definition of the term "substitution." The new version of § 1441a provides:

> The Corporation shall be deemed substituted in any action, suit, or proceeding for a party upon the filing of a copy of the order appointing the Corporation as conservator or receiver for that party or the filing of such other pleading informing the court that the Corporation has been appointed conservator or receiver for such party.

12 U.S.C. § 1441a(*l*)(3)(B). In enacting this amendment, Congress expressed a clear preference for reading "substituted" as "intervened," rather than as "appointed."

Clearly then, under the new statute, defendants' motion to remand must fail. Under the old statute and the conflicting interpretations of its use of the term "substituted", however, defendants might well have prevailed. Accordingly, the court must first determine which version of § 1441a applies to the defendants' motion to remand.

The RTC's formal substitution in the case, its motion to remove, the actual removal, and the motion to remand, all post-dated the amendment of § 1441a. The only relevant events that pre-dated the amendment were the filing of the case and the appointment of the RTC as receiver.

■ It is well-settled that the power to remove is evaluated at the time of removal. *Federal Sav. & Loan Ins. Corp. v. Griffin*, 935 F.2d 691, 696 (5th Cir.1991), *cert. denied sub nom., Griffin v. First Gibraltar Bank, FSB*, —— U.S. ——, 112 S.Ct. 1163, 117 L.Ed.2d 410 (1992). *Also see Spring Garden Assoc. v. RTC*, 26 F.3d 412 (3rd Cir.1994)

(applying the amended § 1441a where the RTC was appointed receiver well before the amendment, but filed for substitution and removed the case after the amendment). At the time of removal, the statute—and Congress' underlying motivation—had both been made clear. Substituted means just that— substituted.

This understanding comports with the manner in which the term "substituted" has been interpreted in the context of § 1819(b)(2)(B), the FIRREA removal provision applicable to the FDIC.[2] On Dec. 19, 1991, § 1819(b)(2)(B) was amended to include the requirement that removal be accomplished within ninety days of the substitution of the FDIC. This provision now tracks the § 1441a language[3] but—like the pre-amendment version of § 1441a—does not specifically define the term "substituted." In the § 1819(b)(2)(B) context, however, courts have manifested no difficulty in construing the use of the undefined term "substituted." See Harding v. Bell, 817 F.Supp. 1186, (D.N.J. 1993); Diaz v. McAllen State Bank, 975 F.2d 1145 (5th Cir.1992).

In the recently decided case of McDougald v. FDIC, No. 93–10559, slip op. at 4 (D.Mass. filed Dec. 21, 1993), this court held that the amended version of § 1819 is clear that "substitution" means substitution in the case, and not substitution for the bank as a receiver.[4]

■ Defendants, however, seek to have the court apply the old version of § 1441a as well as the pre-amendment interpretation of the term "substituted." In making this argument, defendants rely primarily on the savings provisions at § 401(g) of FIRREA.

The savings provisions state:

(1) EXISTING RIGHTS, DUTIES AND OBLIGATIONS NOT AFFECTED.—This title shall not affect the validity of any *right, duty, or obligation* of the United States, the Corporation, the Oversight Board, or any other person, that—

. . . .

(B) existed on the day before the effective date of the Resolution Trust Corporation Thrift Depositor Protection Reform Act of 1991.

Pub.Law 102–233, Title III, Section 317 (emphasis added).

Defendants assert that one of the RTC's preexisting duties and obligations was its duty to decide, within ninety days of its appointment as receiver, whether to remove the case to federal court.[5] Defendants contend that by freezing this obligation, the savings provisions protect them from a retroactive application of the amended § 1441a. The case law, however, clearly establishes that the amended statute applies retroactively. See Mid Kansas Federal Sav. and Loan Ass'n of Wichita v. Orpheum Theater Co., 810 F.Supp. 1184 (D.Kan.1992).

Furthermore, defendants cite no cases in which the savings provisions are employed in such a fashion. In fact, in all of the cases reviewed by this court, the savings provisions were applied, if at all, to obligations and rights which were contained in contracts and agreements that pre-dated the amendment, rather than to obligations contained in the pre-amended statute itself. See, e.g., Charter Federal Sav. Bank v. Office of Thrift Supervision, 976 F.2d 203 (4th Cir.1992) (dealing with preexisting contractual promises regarding supervisory goodwill), cert. denied, —— U.S. ——, 113 S.Ct. 1643, 123 L.Ed.2d 265 (1993); Security Sav. and Loan Ass'n v. Director, Office of Thrift Supervision, 960 F.2d 1318 (5th Cir.1992) (discussing

---

**2.** Section 1819(b)(2)(B) provides in relevant part: [T]he [FDIC] may ... remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90–day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party.
12 U.S.C. § 1819(b)(2)(B).

**3.** See Harding v. Bell, 817 F.Supp. 1186, (D.N.J. 1993) (noting that the similarity in the "is substi-

tuted as a party" language of § 1819(b)(2)(B) and § 1441a(*l*)(3) is "no coincidence").

**4.** See also McDougald v. FDIC, 848 F.Supp. 1073, 1075 n. 3 (D.Mass.1994).

**5.** As discussed, it is not clear that "substituted" meant "appointed" even before § 1441a was amended. For the purposes of evaluating defendants' arguments, however, the court will assume arguendo that this was the state of the law.

applicability of savings provisions to contractual rights in preexisting assistance agreements); *Far West Federal Bank, S.B. v. Director, Office of Thrift Supervision,* 951 F.2d 1093 (9th Cir.1991) (dealing with preexisting contractual agreements relating to capital requirements).

■ In addition to their misguided reliance on the savings provisions, defendants assert that, as a matter of public policy, the RTC should be prohibited from seeking removal at the eleventh hour. Though this argument is compelling, standing alone, it is not enough to warrant a departure from the clear intent of Congress as evidenced under the amended statute.

### III.

*Conclusion*

For the foregoing reasons, defendants' motion to remand is hereby DENIED.