49 F.3d 715
 63 USLW 2643
 RESOLUTION TRUST CORPORATION, as Conservator of Carteret
Federal Savings Bank, F.A.,
Plaintiff-Counterclaim-Defendant-Appellant,
v.
Thomas FRAGETTI; Diane Fragetti,
Defendants-Counterclaim-Plaintiffs-Appellees,
John Doe; Jane Doe, Defendants.
RESOLUTION TRUST CORPORATION, as Conservator of Carteret
Savings Bank, F.A. and as Receiver of Carteret
Savings Bank, F.A., Plaintiff-Appellant,
v.
Joseph MACCHITELLI, husband, Francine Macchitelli, wife,
Defendants-Appellees.
RESOLUTION TRUST CORPORATION, in its capacity as Conservator
of Carteret Federal Savings Bank, F.A. and its
capacity as Receiver of Carteret Savings
Bank, F.A., Plaintiff-Appellant,
v.
Kazuyuki KAMEDA, Taneko Kameda, Evergreen at Port St. Lucie
Condominium Association, Inc., a Florida Corporation, John
Doe and Jane Doe, his wife or her husband, if she or he are
married, Defendants-Appellees.
RESOLUTION TRUST CORPORATION, in its capacity as Conservator
of Carteret Federal Savings Bank, F.A. and in its
capacity as Receiver of Carteret Savings
Bank, F.A., Plaintiff-Appellant,
v.
Milagros B. ADARNA, Defendant-Appellee,
John Doe and Jane Doe, his wife or her husband, if she or he
are married, Defendants.
RESOLUTION TRUST CORPORATION, in its capacity as Conservator
of Carteret Federal Savings Bank, F.A. and in its
capacity as Receiver of Carteret Savings
Bank, F.A., Plaintiff-Appellant,
v.
Vince MALORNI; Ruth Malorni; Evergreen at Port St. Lucie
Condominium Association, Inc., a Florida
Corporation, Defendants-Appellees.
RESOLUTION TRUST CORPORATION, in its capacity as Conservator
of Carteret Federal Savings Bank, F.A. and in its
capacity as Receiver of Carteret Savings
Bank, F.A., Plaintiff-Appellant,
v.
Bertie LOWE, Millicent Lowe, Defendants-Appellees.
 Nos. 93-3303, 93-4622, 94-4030, 94-4037, 94-4038 and
94-4039, Non-Argument Calendars.
 United States Court of Appeals,
Eleventh Circuit.
 April 11, 1995.
 
 Raoul G. Cantero, III, Miami, FL, for appellant in No. 93-3303.
 Reginald J. Clyne, Mitchell Williams & Clyne, P.A., Coral Gables, FL, for appellant in No. 93-4622.
 Raoul G. Cantero, III, David Lawrence, III, Adorno & Zeder, P.A., Miami, FL, for appellant in Nos. 94-4030, 94-4037, 94-4038 and 94-4039.
 Steven M. Greenberg, South Miami, FL, for appellees in Nos. 93-3303, 94-4037, 94-4038 and 94-4039.
 Douglas S. Lyons, Lyons and Farrar, P.A., Coral Gables, FL, for appellees in No. 94-4030.
 Appeal from the United States District Court for the Middle District of Florida.
 Appeals from the United States District Court for the Southern District of Florida.
 Before BIRCH, BLACK and CARNES, Circuit Judges.
 CARNES, Circuit Judge:
 
 
 1
 This is a consolidated appeal from district court orders remanding these six cases back to state court. The issue in each case is whether the district courts' decisions that the removal in each case had been untimely are erroneous in light of a 1991 amendment to the removal provision of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989. 12 U.S.C.A. Sec. 1441a(l )(3)(B) (Supp.1994). We hold that these decisions are erroneous, and therefore reverse.
 
 I.
 
 2
 In 1992, Carteret Savings Bank, F.A. ("Carteret") filed mortgage foreclosure suits in state court against each of the appellees in all six of these cases. In December of 1992, the Office of Thrift Supervision ordered Carteret closed and appointed the Resolution Trust Corporation ("RTC") as receiver. Carteret Federal Savings Bank ("Carteret Federal") was chartered shortly thereafter, and appellees' mortgages were transferred to the new institution. The RTC was then appointed conservator of Carteret Federal.
 
 
 3
 The RTC filed a notice of substitution and a simultaneous notice of removal in each case.[1] The RTC attached to all notices a copy of the orders appointing it as receiver of Carteret, and as conservator of Carteret Federal. The district courts ordered the cases remanded back to state court. In reaching their decisions, the district courts deemed the RTC to have been substituted on the date it was appointed receiver of Carteret--December 4, 1992. Since the notices of removal had all been filed more than ninety days after that date, the district courts concluded that the notices were untimely. 12 U.S.C.A. Sec. 1441a(l )(3)(A)(i) (Supp.1994).
 
 
 4
 The RTC argues that the district courts erred in holding that the date the RTC was actually appointed receiver was the date of substitution for purposes of Sec. 1441a(l )(3)(A)(i). Instead, the RTC contends that the court should have found that the date of substitution was the date the RTC filed with the state courts its notices of substitution, which included a copy of the order of RTC's appointment as receiver. We agree.
 
 II.
 
 5
 We review conclusions of law de novo. Barnett Bank of Marion County, N.A. v. Gallagher, 43 F.3d 631, 634 (11th Cir.1995).
 
 III.
 
 6
 The removal statute at issue in these cases, 12 U.S.C.A. Sec. 1441a(l )(3)(A)(i) (Supp.1994), provides that the RTC may remove any action from state court to federal court "not later than 90 days after the date the [RTC] is substituted as a party." In addition, the statute provides that the RTC shall be deemed substituted "upon the filing of a copy of the order appointing the [RTC] as conservator or receiver for that party or the filing of such other pleading informing the court that the [RTC] has been appointed conservator or receiver for such party." 12 U.S.C.A. Sec. 1441a(l )(3)(B) (Supp.1994). That definition of "substituted" was added to the statute in a 1991 amendment, which became effective on February 1, 1992. Prior to that time, the statute contained no definition of the term. Because each of the cases in this consolidated appeal was initially filed after the effective date of the amendment, the amendment is applicable here.
 
 
 7
 Courts must give effect to the clear meaning of statutes as written. See Estate of Cowart v. Nicklos Drilling Co., --- U.S. ----, ----, 112 S.Ct. 2589, 2594, 120 L.Ed.2d 379 (1992); see also Sullivan v. Stroop, 496 U.S. 478, 482, 110 S.Ct. 2499, 2502-03, 110 L.Ed.2d 438 (1990); United States v. McLymont, 45 F.3d 400, 401 (11th Cir.1995) ("[T]he plain meaning of the statute controls unless the language is ambiguous or leads to absurd results."). "Our task is to give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive." Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 570, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982) (citation and internal quotation marks omitted).
 
 
 8
 We find that the 1991 amendment is clear and unambiguous about when substitution is deemed to have occurred. In the amendment, Congress specified in plain English that the removal period begins when a document is filed that tells the state court that the RTC has been appointed as receiver or conservator. In these cases, the RTC attached the orders of appointment as receiver for Carteret and as conservator for Carteret Federal to each of its notices of substitution. The RTC then filed notices of removal in each case the same day that it filed those orders of appointment with the state court. Therefore, under the statute's unambiguous language, removal was timely in each case. Indeed, it could not have been more timely.
 
 
 9
 Prior to the amendment adding the definition of "substituted," many district courts had interpreted the statute to mean that the RTC was substituted on the date it was appointed conservator or receiver for the institution involved, regardless of when the state court was formally notified of that appointment. E.g., Resolution Trust Corp. v. Eugenio, 790 F.Supp. 686, 690 (N.D.Tex.1991); Santiago v. Resolution Trust Corp., 779 F.Supp. 632, 635 (D.P.R.1991); Towns Real Estate and Appraisal Serv., Inc. v. Resolution Trust Corp., 753 F.Supp. 914, 916 (N.D.Ala.1991). The district courts in the cases now before us relied upon that outdated, pre-amendment case law in reaching their decisions, and the appellees largely rely on it in their briefs.
 
 
 10
 One of the policy concerns expressed in the pre-amendment decisions, and echoed in the arguments of appellees here, is that if the time for removal does not begin running until the date the state court is formally notified of substitution, the RTC will have unfettered control over the removal process because it can control the timing of substitution. We doubt that, because a close reading of the statute reveals that any party may file a notice in the state court that the RTC has been appointed; the statute does not require that the notice of substitution be filed by the RTC. 12 U.S.C.A. Sec. 1441a(l )(3)(B) (Supp.1994). Thus, any party may trigger the running of the removal period by filing a pleading with the state court notifying it of RTC's appointment as receiver or conservator. See, e.g., Spring Garden Assoc., L.P. v. Resolution Trust Corp., 26 F.3d 412, 417 (3d Cir.1994).
 
 
 11
 Even assuming, however, that that concern were valid, policy concerns are primarily the province of Congress, not the courts. While courts sometimes consider policy when deciding what Congress meant in a statute, courts may not use policy concerns to circumvent Congress's clearly expressed intent. Once Congress has spoken to a policy issue, that is it, as far as courts are concerned. See, e.g., Mertens v. Hewitt, --- U.S. ----, ----, 113 S.Ct. 2063, 2070, 124 L.Ed.2d 161 (1993) ("[T]he authority of the courts ... is not the authority to revise the text of the statute."); West Virginia Univ. Hospitals, Inc. v. Casey, 499 U.S. 83, 101, 111 S.Ct. 1138, 1148, 113 L.Ed.2d 68 (1991) (stating that courts should not determine which of two statutes enacted by different Congresses contains the "better disposition"); Felder v. Casey, 487 U.S. 131, 149, 108 S.Ct. 2302, 2312, 101 L.Ed.2d 123 (1988) ("[P]olicy considerations which 'do not invariably point in one direction,' ... for that very reason, are best left to 'Congress's superior institutional competence.' " (citation omitted)); Sorenson v. Secretary of the Treasury of the United States, 475 U.S. 851, 865, 106 S.Ct. 1600, 1609, 89 L.Ed.2d 855 (1986) ("The ordering of competing social policies is a quintessentially legislative function.").
 
 
 12
 In holding that the removal period prescribed in the amended statute runs not from the date of the RTC's appointment, but from the date the state court is formally notified of that appointment, we join virtually all of the courts which have addressed this issue since the amendment. See Spring Garden, 26 F.3d at 417 (holding removal period runs from date of notice of substitution); Resolution Trust Corp. v. Harrison, 871 F.Supp. 523, 525 (D.Mass.1994) ("In enacting this amendment, Congress expressed a clear preference for reading 'substituted' as 'intervened,' rather than as 'appointed.' "); Resolution Trust Corp. v. Bakker, 801 F.Supp. 706, 709 (S.D.Fla.1992) (holding notice of removal filed more than ninety days after appointment, but only five days after notice of substitution, was timely); see also Hidden Ponds Phase IV Development Assoc. v. Grossman, 818 F.Supp. 45, 47 (E.D.N.Y.1993) (holding notice of removal filed more than ninety days after RTC informed state court of its appointment as receiver was not timely).
 
 
 13
 The only post-amendment decision, other than the district court decisions now under review, to hold that the date of the RTC's appointment is the date the removal period begins to run is Carteret Sav. Bank v. Diedrick, No. 93-14098-CIV-PAINE (S.D.Fla. May 5, 1993), aff'd, 8 F.3d 36 (11th Cir.1993). This Court affirmed Diedrick in a short, unpublished opinion. We are not bound by that opinion, because Eleventh Circuit Rule 36-2 provides that: "[u]npublished opinions are not considered binding precedent. They may be cited as persuasive authority...." We have considered the Diedrick opinion, but are not persuaded by it. Instead, we are persuaded that the meaning of 12 U.S.C.A. Sec. 1441a(l )(3)(B) is clear: the removal period runs from the date the state court is formally notified that the RTC has been appointed receiver or conservator. Accordingly, the RTC's notices of removal in these cases were timely.
 
 IV.
 
 14
 The district court's order of remand in each of these cases is REVERSED, and these cases are REMANDED to the district courts from whence they came for further proceedings consistent with this opinion.
 
 
 
 [1]
 These notices were filed on the following dates: April 28, 1993, for RTC v. Macchitelli; April 29, 1993, for RTC v. Malorni, RTC v. Kameda, RTC v. Adarna, and RTC v. Lowe; and May 3, 1993, for RTC v. Fragetti. All cases were removed to the United States District Court for the Southern District of Florida, except RTC v. Fragetti, which was removed to the Middle District of Florida