77 F.3d 1163
 96 Cal. Daily Op. Serv. 1180, 96 Daily Journal
D.A.R. 2043,
96 Daily Journal D.A.R. 2586
CRAWFORD COUNTRY HOMEOWNERS ASSOCIATION, INC., a California
Non-Profit Mutual Benefit Corporation, Plaintiff-Appellee,
v.
DELTA SAVINGS AND LOAN, a California Corporation, Defendant,
and
Resolution Trust Corporation, as Receiver for Delta Federal
Savings Bank, Defendant-Appellant.
 No. 94-56156.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1996.
Decided Feb. 23, 1996.
As Amended March 6, 1996.
 
 Jeffrey Ehrlich, Resolution Trust Corp., Washington, DC, for Resolution Trust Corporation, as Receiver for appellant Delta Federal Savings Bank.
 James D. Kleeger, Anaheim Hills, California, for appellee Crawford Country Homeowners Association, Inc.
 Appeal from the United States District Court for the Central District of California, William J. Rea, District Judge, Presiding.
 Before: BEEZER, BRUNETTI, and JOHN T. NOONAN, Jr., Circuit Judges.
 BRUNETTI, Circuit Judge:
 
 
 1
 The Resolution Trust Corporation ("RTC") appeals the district court's remand of the case to California Superior Court. The district court concluded that RTC's removal was untimely. We reverse.
 
 
 2
 * On April 23, 1992, Crawford Country Homeowners Association ("Crawford") filed suit against Delta Savings and Loan alleging construction defects. On May 7, 1992, Delta was placed in an RTC receivership. Crawford complied with RTC's request to dismiss its complaint against Delta pending exhaustion of the administrative claims process. On October 8, 1993, RTC denied Crawford's claim and Crawford re-filed the complaint which was served upon RTC on March 1, 1994. Neither complaint named the RTC as a party. On March 30, 1994, RTC removed the action to the district court.
 
 II
 
 3
 The remand of a removed case to state court is reviewed de novo. Eyak Native Village v. Exxon Corp., 25 F.3d 773, 777 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 351, 130 L.Ed.2d 307 (1994), --- U.S. ----, 115 S.Ct. 778, 779, 130 L.Ed.2d 673 (1995).
 
 
 4
 RTC's ability to remove cases to federal court is governed by the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), 12 U.S.C.A. § 1441a(l) (West 1995 Supp.). FIRREA, which was substantially amended in 1992, confers broad removal rights upon RTC. 12 U.S.C.A. § 1441a(l)(3)(A). "The Corporation, in any capacity and without bond or security, may remove any action, suit or proceeding from a State court to the United States district court with jurisdiction ..." Id. The statute requires RTC to remove to federal court either:
 
 
 5
 (i) not later than 90 days after the date the Corporation is substituted as a party, or
 
 
 6
 (ii) not later than 30 days after service on the Corporation, if the Corporation is named as a party in any capacity and if such suit is filed after August 9, 1989.
 
 
 7
 Id. Both sides agree that because the RTC was never named as a party, the 90-day-after-substitution deadline applies.
 
 
 8
 FIRREA provides that the RTC is substituted as a party upon:
 
 
 9
 the filing of a copy of the order appointing the Corporation as conservator or receiver for that party or the filing of such other pleading informing the court that the Corporation has been appointed conservator or receiver for such party.
 
 
 10
 12 U.S.C.A. § 1441a(l)(3)(B). The first filing informing any court that RTC had been appointed receiver for Delta was RTC's removal to federal district court on March 30, 1994.
 
 
 11
 The district court, however, concluded that the 90-day clock began ticking either as soon as the RTC was appointed receiver on May 7, 1992 or when Crawford orally informed the state court during the course of its proceedings that the RTC had been appointed as receiver for Delta. The court also relied on McCarthy Western Constructors, Inc. v. Phoenix Resort Corp., 951 F.2d 1137 (9th Cir.1991), which was decided prior to the most recent FIRREA amendments.
 
 
 12
 This court, in dicta, and other circuits have rejected the notion that the 90-day period begins at the time of appointment. RTC v. Bayside Developers, 43 F.3d 1230, 1239 n. 7 (9th Cir.1994); RTC v. Fragetti, 49 F.3d 715, 718 (11th Cir.1995); Spring Garden Associates, L.P. v. RTC, 26 F.3d 412, 417 (3rd Cir.1994). In Bayside, this court held that the objecting party had failed to file a timely objection to the purportedly untimely removal. 43 F.3d at 1239. In a footnote, this court rejected the argument that the clock begins running at the time of appointment, concluding that the statute plainly indicates that the 90-day period begins only after a court filing. Id. at 1239 n. 7. The Eleventh Circuit also found the statute unambiguous. Fragetti, 49 F.3d at 717-18. In doing so it reversed RTC v. Fragetti, 832 F.Supp. 1521 (M.D.Fla.1993), on which the district court relied heavily. Id.
 
 
 13
 Crawford's oral representations to the state court are irrelevant to the substitution question. The statute defines substitution as occurring upon either "the filing of a copy of the order appointing the Corporation ..." or "the filing of such other pleading informing the court." 12 U.S.C.A. § 1441a(l)(3)(B). The plain language of the statute indicates that oral representations are insufficient to trigger substitution. Additionally, the district court cases cited by Crawford do not support its argument. See Hutchings v. Guardian Sav. and Loan Ass'n, 1994 WL 544471 (N.D.Cal.1994); Henriksen v. Great American Fed. Sav. & Loan, 1993 WL 313178 (N.D.Cal.1993); Hidden Ponds Phase IV Dev. Assocs. v. Grossman, 818 F.Supp. 45, 47 (E.D.N.Y.1993). In Henriksen the court held a filed stipulation and pleading triggered substitution. 1993 WL 313178, * 3-4. In Hidden Ponds, the court concluded that the word pleading was not intended to be strictly defined and thus included motions as well as traditional pleadings. 818 F.Supp. at 47. Neither the Henriksen nor the Hidden Ponds court discussed written filings versus oral representations. In Hutchings, while the court did describe the statutory scheme as one in which either party could "substitute the RTC simply by informing the court of the RTC's role as receiver," it was not contemplating an oral representation. See 1994 WL 544471, * 3. The court was simply summarizing the statute which expressly requires a filing. See id.
 
 
 14
 Allowing oral statements to trigger substitution would create an unworkable situation. Crawford concedes that neither Delta nor the RTC made an appearance prior to the removal to the district court, but argues that nevertheless its oral representations before the state court are sufficient. This would result in an obvious inequity as the RTC would presumably have been unaware that the 90-day deadline had been triggered by a verbal comment. Requiring written filings not only conforms with the plain language of the statute but also enables all parties to know when substitution occurs and when the RTC's option of removing the case to federal court expires.
 
 
 15
 The district court's reliance on McCarthy was also misplaced. Citing McCarthy, 951 F.2d at 1141, for the proposition that the RTC must be a party before it can remove a suit, the district court held that the RTC could not argue both that it was a party for jurisdiction purposes but not a party for the 90-day deadline. FIRREA, as amended after McCarthy, provides that the RTC, "in any capacity," may remove any case against an institution for which it is conservator or receiver. 12 U.S.C.A. § 1441a(l)(3)(A). The only limitation on this right when the RTC is not a named party is that the removal occur within 90 days of substitution. Once substitution occurs, the district court has jurisdiction. 12 U.S.C.A. § 1441(l)(1). The district court's asserted dilemma does not exist under the current statute.
 
 
 16
 Finally, Crawford and the district court emphasize that the statute as written allows RTC to manipulate the timing of removal. However, as noted by the Eleventh Circuit, the statute allows either side to file a pleading before the district court which would trigger substitution. Fragetti, 49 F.3d at 717. Thus the delay in this case is not simply the result of any alleged RTC manipulation but also the failure of Crawford to properly exercise its rights under the statute, either by filing a pleading or adding the RTC as a party when it re-filed its complaint.
 
 
 17
 REVERSED and REMANDED for further proceedings.