**UNITED STATES of America**

v.

**Joseph P. SCHIAFFINO, Appellant.**

**No. 07–3329.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 21, 2008.

Filed: April 22, 2008.

---

Thomas J. Clark, Esq., Laurie Snyder, Esq., United States Department Of Justice, Washington, DC, for United States of America.

Joseph P. Schiaffino, Perkasie, PA, pro se.

Before: AMBRO, FUENTES and FISHER, Circuit Judges.

### OPINION

PER CURIAM.

Joseph P. Schiaffino appeals from the District Court's orders denying his motion to remand to state court and granting the United States' motion to dismiss. We will vacate these orders and remand to the District Court for further proceedings consistent with this opinion.

Schiaffino alleges that he received a Notice of Federal Tax Lien from the Internal Revenue Service ("IRS") in 2005. He also alleges that he immediately challenged the validity of the lien by "filing" an "Affidavit of Non–Liability," and sending a "Presumptive Notice" and an "Affidavit of Truth" to the two IRS agents who signed the Notice. After receiving no response, he filed a "Petition for Rule to Show Cause" in the Court of Common Pleas of Bucks County, Pennsylvania, requesting that the court direct the United States to show cause why the lien "should not be nullified and removed from the Court's records." The United States proceeded to remove the matter to the District Court pursuant to 28 U.S.C. § 1442(a)(1), which provides that a civil action against the United States in state court in connection with the collection of federal revenue may be removed to federal court. The United States then filed a motion in the District Court to dismiss the suit for lack of subject matter jurisdiction. Schiaffino did not oppose the United States' motion. Instead, he filed a motion to remand the case to state court, in which he challenged the removal procedures followed by the United States.

On July 3, 2007, the District Court issued separate orders granting the motion to dismiss and denying the motion to remand to state court. Schiaffino now appeals those orders. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. *See Spring Garden Assoc., L.P. v. Resolution Trust Corp.*, 26 F.3d 412, 414 (3d Cir.1994).

█ Schiaffino argues on appeal that the action was improperly removed because the United States was designated as the plaintiff in the state court action and therefore lacked authority under 28 U.S.C.

§ 1441 to invoke the removal jurisdiction of the District Court. We believe the manner in which the parties were identified on the state court caption is not relevant to the question of whether the action was properly removed to the District Court. It is clear from Schiaffino's state court petition that he is contesting the validity of a federal tax lien and seeking an injunction against the United States. Because Schiaffino brought an action in state court pertaining to the collection of federal revenue, the United States properly invoked 28 U.S.C. § 1442(a)(1) in removing the case to the District Court.

▮ We further conclude that the District Court correctly determined that it lacked subject matter jurisdiction over Schiaffino's action to invalidate a federal tax lien. The Anti–Injunction Act generally deprives courts of jurisdiction over suits instituted "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a). "The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). Schiaffino has not identified any exceptions to the Anti–Injunction Act which might be applicable to his claim. *See South Carolina v. Regan*, 465 U.S. 367, 378, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984) (providing for an exception to the Anti–Injunction Act where taxpayer has no alternative remedy); *Enochs*, 370 U.S. at 7, 82 S.Ct. 1125 (recognizing a limited exception to the Anti–Injunction Act where government has no chance of prevailing on merits of the dispute). In particular, he has not discussed the merits of his challenge, nor is there any indication that he paid the tax and attempted to obtain a refund by filing a claim with the IRS.

▮ Finally, we address Schiaffino's argument that the District Court erred in issuing a final judgment dismissing the case for lack of jurisdiction instead of remanding the case to state court. He cites to 28 U.S.C. § 1447(c), which provides, in relevant part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a case removed from state court], the case shall be remanded." The District Court did not explain why it would not remand the case pursuant to § 1447(c). However, the United States argues on appeal that a remand to state court would be futile, given that Schiaffino may not proceed with his claim in state court due to sovereign immunity and also because § 7421(a) precludes a suit to restrain tax collection in "any court." We have held, however, that a case removed from state court must be remanded under § 1447(c) once the District Court determines that it does not have subject matter jurisdiction over the case, and we have declined to recognize a futility exception to that rule. *See Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 214 (3d Cir.1997). Thus, we conclude that the District Court should have remanded the case to state court pursuant to § 1447(c), instead of dismissing the case outright.

For the foregoing reasons, we will vacate the District Court's orders denying the motion to remand and granting the motion to dismiss. We will remand the matter to the District Court with instructions to remand the case to the Court of Common Pleas of Bucks County, Pennsylvania.